## Heller, Appellant, *v.* Royal Ins. Co.

[Marked to be reported.]

*Pleading—Practice—Demurrer after affidavit of defence.*

After an affidavit of defence has been filed and disposed of, it is not proper practice to file a demurrer to plaintiff's statement. Under the procedure act of May 25, 1887, defendant is required to reply by affidavit. The first thing to be considered is the sufficiency of the statement; if deemed insufficient, that ground of defence should be disclosed in the reply so that it may be disposed of in limine.

*Practice—Amendments—Plaintiff's statement.*

The court in its discretion may refuse to permit an amendment to a plaintiff's statement by striking out certain averments, where it is not alleged that they were inserted by mistake or were untrue or irrelevant, but only that they were immaterial and unnecessary to an ex parte statement of the cause of action, and where they may be advantageous to defendant as admissions of record.

*Landlord and tenant—Rebuilding agreement—Eviction or rescission of lease—Effect on insurance of leasehold.*

Where a tenant of premises destroyed by fire agrees with his landlord that he may enter and rebuild and that such rebuilding shall not constitute an eviction or rescission of the lease, such agreement will not, in the absence of evidence of fraud, relieve an insurance company from its liability to indemnify the tenant for any loss by reason of the payment of rent while the premises are untenantable. Such agreement is neither an eviction nor a rescission of the lease. Heller v. Ins. Co., 133 Pa. 152; Hoeveler v. Fleming, 91 Pa. 322; Magaw v. Lambert, 3 Pa. 444, distinguished.

Argued March 26, 1891.   Appeal, No. 91, Jan. T., 1891, by plaintiff, Marietta Heller, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1888, No. 551, for defendant, on demurrer.   Before Paxson, C. J., Sterrett, Green, Williams and Heydrick, JJ.

Assumpsit on policy of fire insurance insuring plaintiff's interest as lessee from damages by fire.

Plaintiff's original statement set out lease of premises; insurance by defendant, indemnifying plaintiff for loss by reason

of payment of rent during such times as the building may be untenantable by reason of fire; the destruction of the premises by fire; [negotiations with defendant, by letter, to consent to permit the landlord to rebuild; refusal by defendant, by letter; agreement between plaintiff and landlord for rebuilding, saving all rights, especially of eviction or surrender; payment by de-, fendant of $3,096.50, rent up to July 24, 1888, date of entry of landlord to rebuild;] payment of rent by plaintiff during time insured by defendant; by means whereof defendant became liable to pay plaintiff $3,000. The lease, with receipt for payment indorsed, and the letters referred to, were made part of the statement.

An affidavit of defence alleged in substance a fraudulent agreement between plaintiff, the landlord and insurers of the landlord to shift the burden of insurance from the landlord's insurers to defendant. Judgment for want of sufficient affidavit of defence was reversed and a procedendo awarded: 133 Pa. 152.

After remittitur, plaintiff took a rule to file an amended statement, similar to the original, except that it omitted the parts in brackets and claimed $6,000. This rule was discharged. [1]

A rule to plead having been entered, defendant demurred to the original statement, because (1) statement showed payment by defendant to date of re-entry by landlord, when liability for rent ceased; (2) subsequent payment of rent was voluntary and not covered by defendant's policy; (3) agreement to pay rent by plaintiff would not continue defendant's liability. The court entered judgment for defendant on demurrer. [2]

*Errors assigned* were (1) discharge of rule to amend; (2) entry of judgment for defendant on demurrer; (3) failure to enter judgment for plaintiff on demurrer; (4) discharge of rule to amend, setting forth proposed amendment.

*M. Hampton Todd*, for appellant.—As to right to amend: No new cause of action is introduced, the amendment simply strikes out surplusage, allegations as to the agreement with landlord, etc., which, in opinion of Supreme Court in 133 Pa. 152, were construed as amounting to a fraudulent scheme on

part of plaintiff to shift responsibility.   The amendment is within the act of 1806, which allows amendments where necessary to a trial on the merits: Erie City Iron Works v. Barber, 118 Pa. 6.

The demurrer raises but one question, did entry of landlord to rebuild with consent of tenant discharge defendant from its covenant to indemnify plaintiff?   It was the duty of plaintiff to agree that landlord should enter and rebuild, and thus lessen loss to insurer:  Wood on Fire Insurance, 2d ed., p. 1056.   Such entry of landlord to rebuild does not rescind contract of tenancy:  Magaw v. Lambert, 3 Pa. 444; Hoeveler v. Fleming, 91 Pa. 322.   In present case plaintiff had to pay rent whether landlord rebuilt or not:  Bussman v. Ganster, 72 Pa. 285.

*Morton P. Henry*, for appellee.—The opinion in Heller v. Ins. Co., 133 Pa. 161, pointed out the immateriality of the combination alleged in the affidavit of defence.   The rent was paid by plaintiff as a voluntary undertaking.   There were therefore no facts to try and a demurrer was properly filed.

While it is duty of insured to mitigate as far as possible loss to insurer, insured cannot by voluntary agreement to pay rent increase such loss.

Everything that can be said has been said in the former argument and by this court in that case.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

The subject of complaint in the first and fourth specifications is the discharge of plaintiff's rule to show cause why she should not have leave to amend the record by withdrawing her statement of claim filed May 9, 1889, and substituting in lieu thereof, the statement annexed to the rule and fully recited in the fourth specification.

We are not convinced that, in the circumstances, there was any error in discharging the rule.   It is not even alleged that any of the averments contained in the original statement, and omitted from the proposed amendment, were inserted by mistake, or that they are incorrect, or wholly irrelevant to the cause.   It is merely claimed by the plaintiff that they are immaterial and unnecessary to a complete ex parte statement of her claim.   A comparison of the two statements shows, among other things, that the original contains averments relating to

an agreement between plaintiff and her landlord for rebuilding the leased premises which were destroyed by fire, etc. Also, an admission that defendant company paid, on account of plaintiff's claim for loss by fire, $3,096.50, the receipt for which is indorsed on her policy of insurance, a copy of which, exhibiting said receipt, is attached to and forms part of said original statement of claim. It also appears that the amount plaintiff claims to recover is $3,000 with interest.

The statement which plaintiff proposes to substitute, in lieu of the original, contains none of the foregoing averments. The copy of insurance policy, referred to and made part of the statement, omits the indorsed receipt for the $3,096.50 paid by the defendant company on account of plaintiff's claim. The proposed substitute also avers that plaintiff claims to recover from defendant $6000, the full amount of insurance, with interest, etc.

It may be that these omitted averments, etc., are not necessary to the plaintiff's case. On the contrary, they may be, and perhaps are wholly unnecessary thereto; but if, in point of fact, they are true, and not wholly irrelevant to the cause, they may, as admissions of record, be advantageous to the defendant. It does not follow that because they are unnecessary to the plaintiff she has a right to withdraw them from the record. The policy of insurance, used for the purpose of charging defendant on its contract of indemnity, should correctly exhibit a copy of the indorsed receipt as a pro tanto discharge.

Under our statute, amendments are not always a matter of right. They are largely in the discretion of the trial judge. In this case no good reason appears to have been shown in support of the rule, and hence there was no error in discharging it. The first and fourth specifications are not sustained.

The second and third specifications complain of the judgment for defendant on the demurrer to plaintiff's statement of claim.

When this cause was here before on defendant's appeal from the judgment of the common pleas for want of a sufficient affidavit, the sole question was, whether, assuming the allegations of fact, contained in defendant's affidavit in reply to the plaintiff's demand, to be true, the latter was entitled to judgment. It was held that she was not, and accordingly the judgment

was reversed and a procedendo awarded: 133 Pa. 152.   Then, instead of relying on the allegations contained in its said reply to plaintiff's statement of claim, and proceeding to trial on the issue of fact thus presented, the defendant demurred to said statement.   This, we think, was a step in the wrong direction.

The third section of our procedure act of 1887 declares that in " the action of assumpsit and the action of trespass " the declaration " shall consist of a concise statement of the plaintiff's demand," etc.   It further declares : " The statement shall be signed by the plaintiff or his attorney, and, in the action of assumpsit, shall be ,replied to by affidavit."   When defendant company was required to make its reply to plaintiff's statement, the first thing to be considered was the sufficiency of the statement.   If deemed insufficient to maintain the suit, that ground of defence, at least, in the nature of a demurrer, should have been clearly disclosed in the reply, so that it might have been disposed of in limine.   If well taken, it would have ended the case.   Instead of that a general defence on the supposed merits of the case was interposed and we were called upon to say whether, assuming all the allegations of fact contained in the affidavit to be true, they constituted a good defence.   Holding that they did, we reversed the judgment of the court below and returned the record with a procedendo.   In effect, for the time being at least, the defendant then abandoned the defence set up in its affidavit, and upon which it had asked us to pass, and demurred to plaintiff's statement of claim, and now we are passing on the sufficiency of that.   We are unwilling to recognize this as proper practice.

In Barr v. McGary, 131 Pa. 406, our Brother WILLIAMS, after referring to the kind of statement required by the act, says : " The defence must then be stated and verified by the oath of the defendant.   This makes up the issue on which the case is to go to trial, and if the defence set out is insufficient to prevent a recovery, the plaintiff may ask judgment for want of a sufficient affidavit of defence," etc.

But, aside from the error in practice above referred to, we think the defendant was not entitled to judgment on the demurrer.   The case now presented by it is materially different from that before us on the former appeal.   In the latter the allegations of fact contained in the defendant's affidavit were

controlling factors. Chief among them was the alleged combination between plaintiff's landlord and his insurers and the plaintiff herself, for the purpose of shifting a burden which justly belonged to said insurers, from themselves to the defendant. Assuming these allegations to be true, as we were bound to do in passing upon the sufficiency of the affidavit of defence, the combination of the three parties for the purpose stated was a fraud upon defendant and necessarily had a controlling effect in shaping our judgment in that case. In the present case the allegations of fraud, etc., contained in the affidavit of defence, go for naught; they are wholly out of the case. Nothing can be considered except what is already contained in the plaintiff's statement of claim. The demurrer is to that and nothing else; and, for aught that therein appears, the transaction between the plaintiff and her landlord was perfectly proper and honest. It neither constituted an eviction by the landlord nor a rescission of the lease under which plaintiff was liable for the rent as to which she was insured by defendant company. The cases cited in support of the proposition that the entry of the landlord into demised premises for the purpose of rebuilding operates as an eviction of his tenant, etc., are not in point. In those cases the entry was not only without the tenant's request or assent, but to their entire exclusion from the premises. In Hoeveler v. Fleming, 91 Pa. 322, this court said: " There is no evidence that the defendant assented to the occupation of the premises for the purpose of rebuilding. It is clear that by the terms of this lease the defendants were not bound to rebuild. . . . And I have as little doubt they would have been responsible for the rent during the term if the landlord had been content to let the building stand roofless and scarred by fire during that period. The lease contained no exoneration from rent in case of fire. Having proceeded to rebuild for her own interests, quite as much as for the convenience of the tenants, and having thereby taken possession of the demised premises, to their entire exclusion, without request or even assent on their part, can she hold them for rent?" It was held that she could not: Magaw v. Lambert, 3 Pa. 444, is substantially to the same effect. If the defendant company had gone to trial, as we supposed it would, on the questions of fact suggested in its reply to plaintiff's statement,

it would have had an opportunity of establishing its allegations of fraud, etc., or of failing in the attempt. The second and third specifications are sustained.

Judgment reversed, and an alias procedendo awarded.