# Newbold *v.* Pennock, Appellant.

*Statutes—Repeal—Acts of April* 5, 1862, *and May* 25, 1887.

Section second of the act of April 5, 1862, P. L. 270, relating to judgments by default in Chester county, comes under the operation of the repeal in section nine of the act of May 25, 1887, P. L. 272.

*Pleading—Statement under act of May* 25, 1887.

Under the act of May 25, 1887, P. L. 272, plaintiff must file not only a copy of the writing, if there be one, on which his case is founded, but also a concise statement of his demand, which must include every ingredient of a good cause of action, averred with the same completeness, accuracy and precision that were required in a declaration at common law.

| 154 | 591 |
| 159 | 310 |
| 154 | 591 |
| 174 | 350 |
| 174 | 546 |
| 154 | 591 |
| 187 | 261 |
| 154 | 591 |
| 189 | 471 |
| 154 | 591 |
| 203 | 341 |
| 154 | 591 |
| 206 | 372 |
| 22 SC | 405 |
| 154 | 591 |
| 27 SC | 174 |
| 154 | 591 |
| 28 SC | 239 |
| 154 | 591 |
| e216 | 434 |
| 32 SC | 143 |

*Service of copy of statement—Judgment.*

Under the act of May 25, 1887, P. L. 272, where there is more than fifteen days between the service of the copy of the statement and entry of judgment, and a return day has intervened, the judgment is valid. Weigley v. Teal, 125 Pa. 498, reaffirmed.

*Promissory notes—Pleading—Statement.*

An averment in a statement that the note in suit " was delivered to the said E. R. Bryan, who then and there for a valuable consideration indorsed the same to plaintiff," does not distinctly set up an indorsement and delivery before maturity, and the statement is demurrable.

If in such a case the defendant does not demur, he must set forth in his affidavit of defence facts sufficient to make out a case of fraudulent circulation of the note, so as to put plaintiff on proof of bona fide holding.

*Affidavit of defence—Form of averment on information, etc.*

If the defendant cannot state the facts in his affidavit of defence of his own knowledge, he should aver that " he is informed, believes and expects to be able to prove them." An averment that he " has abundant reason to believe" is not an equivalent.

Argued Feb. 9, 1893. Appeal, No. 270, Jan. T., 1893, by defendant, Davis Pennock, from order of C. P. Chester Co., Oct. T., 1892, No. 17, refusing to strike off judgment in favor of William R. Newbold, trading as Hoopes & Newbold. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to strike off judgment for plaintiff, in assumpsit by indorsee against maker of promissory note.

Plaintiff's statement, signed by counsel, was as follows:

" The plaintiff, Hoopes & Newbold, claim of the defendant, Davis Pennock, the sum of $541.07, with interest thereon from Aug. 7, 1892, and one dollar and sixty-five cents costs of protest, which is justly due and payable to the plaintiffs by the defendant upon the cause of action, whereof the following is a statement :

" The defendant, to wit, on Feb. 4, 1892, at the county aforesaid, made his promissory note, whereof the following is a copy :

" $541.07.            WEST CHESTER, Pa., February 4, 1892.

" Six months after date I promise to pay to the order of E. R. Bryan five hundred and forty-one 07–100 dollars, at the Farmers' National Bank of West Chester, Pa., without defalcation for value received.

" Credit the drawer.      (SIGNED,)      DAVIS PENNOCK.

" The same was delivered to the said E. R. Bryan, who then and there for a valuable consideration indorsed the same to the plaintiff, whereof the said defendant had notice, but the defendant has wholly failed to pay the said sum or any part thereof, though often requested. Hence this suit."

The writ issued Aug. 24, 1892. The return day was on Sept. 4th. Judgment was entered Sept. 12, 1892. A rule was subsequently granted to show cause why the judgment should not be stricken off as prematurely entered under the local act of April 5, 1862, P. L. 270.

Section 2 of the act is as follows :

" Sect. 2. That if the plaintiff shall file a copy of the instrument of writing, book-entries, record or claim, or affidavit thereof, on which the action is brought, as prescribed by the act to establish the district court for the city and county of Philadelphia, passed March twenty-eighth, one thousand eight hundred and thirty-five, and its supplements, five days before such return day, he may enter judgment by default against the defendant, at any time after the return day, unless the defendant shall, on or before the return day, file an affidavit of defence, stating the nature thereof."

The rule of court of Chester county mentioned in the opinion of the Supreme Court is as follows :

" Section 1. In actions of assumpsit, if the plaintiff's statement shall be filed and a copy thereof served, on the defendant or his attorney of record, at any time, either before or on the return day, judgment shall be entered by the prothonotary, by direction of the plaintiff, for want of an affidavit of defence, at the expiration of fifteen days after the return day—or if served after the return day—at the expiration of fifteen days from date of service."

Defendant in his affidavit of defence averred : " That the note sued upon by the plaintiff was given to E. R. Bryan in payment of a large lot of lumber purchased by the defendant; that at the time said lumber was purchased it was thrown together in a large pile, and owing to the manner in which the lumber was piled it was impossible for the defendant to make a measurement of it to ascertain its quantity or quality, and he was therefore obliged to depend almost entirely upon the representations of the said Bryan, as to both the quantity and

quality of the same. The settlement was made and the note in controversy given, before the lumber was moved by the defendant; that after defendant moved the lumber and measured the same, he found it was lacking several hundred feet of the amount of feet which the said Bryan represented it to contain. The defendant also found on investigation that the quality of the lumber was not as represented by the said Bryan; that much of it was greatly damaged by knots and sap so that it was totally unfit for the purposes for which it was intended; that at the time the note was given the said Bryan agreed with the defendant that unless the lumber proved to be as he represented it, he would make a reduction in the note at maturity, in such an amount as would compensate the defendant in the loss he had sustained.

" The affiant further alleges that he has abundant reason to believe that the note in controversy was not passed over to the plaintiffs in this action for value received, but that they simply hold the same for the purposes of collection, and in order to prevent him from defending against it in the hands of the payee, who is the true and lawful owner of the same. All of which matters and things the defendant expects to be able to prove on the trial of this cause."

The court below filed the following opinion by HEMPHILL, J.:

" We do not think we can make the rule to strike off the judgment absolute, at this time. We will not, however, determine that question at present, and it is not therefore necessary for us to express our views upon it. The rule is based upon the practice at this bar, as prescribed by our rules, and we are not disposed to allow a member of the bar or his client to suffer, through an erroneous practice established by the court, provided he has a meritorious defence.

" We have examined the affidavit of defence filed in this case, and doubt its sufficiency because the defendant simply alleges that he has abundant reason to believe that the note in controversy was not passed over to the plaintiff in this action for value received, but that he simply holds the same for the purpose of collection. In our opinion he should set out the facts upon which he bases his belief, and which he would be able to prove upon the trial of the cause.

" We have therefore concluded not to make any disposition

of the pending rule for the present, but to allow the defendant ten days within which to file a supplemental affidavit covering the points indicated, if in his power to do so."

No additional affidavit of defence having been filed, the rule was discharged.

*Errors assigned* were, (1) in entering judgment for plaintiff; (2) that the judgment of default in favor of plaintiff and against defendant for want of an affidavit of defence was not authorized by any law or rule of court; (3) that the judgment by default in favor of plaintiff and against defendant was not authorized by the rules of court; (4) that the statement filed by plaintiff would not authorize a judgment by default for want of an affidavit of defence; (5) in refusing the motion to strike off judgment by default.

*Alfred P. Reid,* *C. Wesley Talbot* with him, for appellant, cited: Wingert v. Connell, 4 S. & R. 237; Blair v. Weaver, 11 S. & R. 84; Springer v. Com., 3 P. & W. 28; Marlin v. Waters, 127 Pa. 179; Barr v. McGary, 131 Pa. 401; Weigley v. Teal, 125 Pa. 498; Best v. Baumgardner, 122 Pa. 23; Stein v. Mc-Candless, Treasurer, 21 W. N. 162; Com. v. Grier, 152 Pa. 176; Fritz v. Hathaway, 135 Pa. 274; Erie Boot & Shoe Co. v. Eichenlaub, 127 Pa. 164; Byrne v. Hayden, 124 Pa. 170; Gere v. Unger, 125 Pa. 644; Gould & Co. v. Gage, Hitchcock & Co., 118 Pa. 559.

*Edward H. Hall,* for appellee, cited: On the repeal of act of 1862: Barber's Case, 86 Pa. 392; Seifried v. Com., 101 Pa. 200; Morrison v. Fayette Co., 127 Pa. 110; Erie v. Bootz, 72 Pa. 196; Marlin v. Waters, 127 Pa. 77; Com. v. McCandless, Treasurer, 21 W. N. 162.   On sufficiency of statement: Act of March 21, 1806, § 5; Morgan v. Bank, 3 P. & W. 391; Weigley v. Teal, 125 Pa. 498.

OPINION BY MR. JUSTICE MITCHELL, May 8, 1893:

The second section of the act of April 5, 1862, P. L. 270, was necessarily repealed by the procedure act of 1887. They embrace the same subject, the filing of affidavits of defence and entering judgment for default thereof, and their provisions can-

not stand together without establishing two methods of practice for reaching precisely the same result, or making a mongrel method which is not the one prescribed by either statute. A single instance of the incongruity of the two acts will suffice. Under the act of 1887 the plaintiff must file not only a copy of the writing, if there be one, on which his case is founded, but also a concise statement of his demand, which must include every ingredient of a good cause of action, Byrne v. Hayden, 124 Pa. 170, averred with the same completeness, accuracy and precision that were required in a declaration at common law: Fritz v. Hathaway, 135 Pa. 274. To the cause of action of which he is thus explicitly informed, the defendant is entitled to and must have, under any circumstances, not less than fifteen days to make affidavit of his defence. On the other hand under the second section of the act of 1862 the plaintiff by merely filing a copy of the instrument of writing five days before the return day, may have judgment at any time after that day unless defendant has filed his affidavit. Thus with less information as to what case he is called upon to meet, the defendant is cut down to one third of his time to meet it. Such a result is not only repugnant to the plain letter of the act of 1887, but is destructive of its general intent as declared in Marlin v. Waters, 127 Pa. 177, and other cases, to produce uniformity of practice. As the two acts cannot stand together, the result is that section two of the act of 1862 comes under the operation of the repeal in section 9 of the act of 1887, P. L. 272, and such seems to have been the correct view of the learned court below, in framing its rule upon this subject.

The judgment in the present case therefore cannot be sustained by the act of 1862, and we have next to consider whether it is regular under the act of 1887. The summons and a copy of the statement were served on Aug. 24th, the return day was Sept. 4th, and the judgment was entered on Sept. 12th. There were therefore more than fifteen days between the service of the copy of the statement and the entry of judgment, and the return day had intervened. This was the exact state of facts in Weigley v. Teal, 125 Pa. 498, in which the judgment was held to be regular. The act specifies a service of a copy of the statement on defendant at least fifteen days before the return day, and in the next section a filing of the statement,

with notice to defendant, on or any time after the return day, but is silent as to either service or filing less than fifteen days before the return day.  In Weigley v. Teal however it was held that the act did not mean to leave a hiatus of fourteen days before the return day, during which plaintiff's progress was suspended, but that its true intent and substantial require-ment were the allowance of fifteen days time to the defendant in which to make his affidavit, with service of copy before the return day, or notice of filing after it, as held in Marlin v. Waters, 127 Pa. 177.  The present case is on all fours with -Weigley v. Teal, and the judgment is unquestionably regular .under that authority, unless a different result is produced by the rule of the court below.

This rule was apparently framed to meet the requirements of the act of 1887, and like that act it makes no express pro-vision for judgment where the service of the statement is less than fifteen days before the return day.  The court however seems to have construed its rule in the same way that this court construed the act of 1887 in Weigley v. Teal, and we cannot say that that was error, especially in view of the fact that the learned judge took ample care that the defendant should not suffer through surprise, by allowing him ten days in which to file a supplemental affidavit.

It is further argued for appellant that the statement is in-·sufficient.  It certainly lacks precision.  The averment that the note " was delivered to the said E. R. Bryan who then and there for a valuable consideration indorsed the same to the plaintiff," does not distinctly. set up an indorsement and de-livery before maturity, and in fact is less specific than a com-mon law declaration, and might therefore have been demurrable. But the defect was not inherently fatal, and the defendant did not demur but set up a defence on the merits.  His affidavit for that purpose was insufficient.  The facts set out do not .make a case of fraudulent circulation of the note, so as to put .plaintiff on proof of bona fide holding, but at most amount to partial failure of consideration which was not a defence against the plaintiff unless he was not the bona fide holder.  Such de-·fence must be specifically set up by the affidavit, and the es-,tablished and approved form in which this should be done, is either to set forth the facts themselves affirmatively for the

court to judge of, or if the affiant cannot state them of his own knowledge, that he is *informed, believes and expects to be able to prove* them.   The defendant, or his counsel, who departs from this approved form, and substitutes another which he may think a full equivalent, does so at his own risk.   In the present case the phrase that affiant " has abundant reason to believe " is not an equivalent.   What a suspicious defendant may consider abundant reason to question plaintiff's title, may fall far short of the legal requirements for the court.   As this defect was pointed out by the learned judge below in his opinion, and the defendant allowed ten days in which to strengthen his affidavit, but failed to do so, we may fairly conclude that he could not.

Judgment affirmed.