## Marietta Heller v. The Royal Insurance Company of Liverpool, Appellant.

*Landlord and tenant—Insurance—Agreement to rebuild—Eviction—Rescission of lease.*

Where the tenant of a building destroyed by fire agrees that his landlord may enter and rebuild and that such rebuilding shall not constitute an eviction or rescission of the lease, such agreement is neither an eviction nor a rescission of the lease, and it will not, in the absence of fraud, relieve an insurance company which has undertaken to indemnify the tenant for any loss by reason of the payment of rent while the premises are untenantable: Heller v. Royal Ins. Co., 151 Pa. 101, followed.

In such a case money collected by the landlord from an insurance company which had insured him against the loss of rent, and applied by the landlord to the rent in relief of the tenant, will not affect the tenant's contract right against the insurance company which had undertaken to indemnify him for loss by reason of the payment of rent while the premises were untenantable.

Argued March 25, 1896.  Appeal, No. 216, July T., 1895, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1888, No. 551, on verdict for plaintiff.  Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.  Affirmed.

Assumpsit on a policy of insurance.  Before ARNOLD, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $3,000.  Defendant appealed.

*Error assigned* was above instruction.

*F. H. Bohlen* and *Richard C. Dale*, with them *M. P. Henry*, for appellant.—The entry of the landlord to rebuild, even with the consent of the tenant, suspends the rent: Magaw v. Lambert, 3 Pa. 444 ; Briggs v. Thompson, 9 Pa. 340 ; Hoeveler v. Fleming, 91 Pa. 324 ; Auer v. Penn, 92 Pa. 446 ; Gilbert on Rents, 145 ; Upton v. Townend, 17 C. B. Rep. 3 ; 1 Phillips on Insurance, sec. 4 ; Woof on Fire Ins. 14 ; Porter on Ins. 2 ; Niagara Fire Ins. Co. v. Fidelity Co., 123 Pa. 516, 523 ; Atlantic Ins. Co. v. Storrow, 5 Paige's Ch. 285 ; Viterbo v. Friedlander, 120 U. S. 707.

Liability for rent, continued by voluntary agreement of the tenant beyond the time when it otherwise would have ceased, is not a liability within the meaning of the contract of insurance : Ex parte Vitale, 47 L. T. R. 480 ; In re Application of Board of Commissioners, 52 N. Y. 131 ; Bradstreet v. Rich, 74 Me. 303.

When two writings are connected by a reference of one to the other, they may be considered and construed as constituting a single contract, as if embodied in one instrument : Levin v. Henry, 9 Alabama, 24 ; Pittin v. Brown, 26 Arkansas, 240 ; Bradley v. Marshall, 54 Ill. 173 ; Smith v. Turpin, 20 Ohio, 478.

Double indemnity cannot be recovered : Darrell v. Tibbetts, L. R. 5 Q. B. 560 ; Castellain v. Preston, L. R. 11 Q. B. 280 ; Smith v. Columbia Ins. Co., 17 Pa. 253 ; Thornton v. Enterprise Ins. Co., 71 Pa. 234 ; Hall v. R. R., 13 Wall. 367.

*M. Hampton Todd*, for appellee.—When a fire occurs the insured is bound to do all in his power to save the property and so to deal with the salvage that the least possible injury may eventually happen. A fortiori, he cannot be justified in standing by and relying for his protection upon his policy, suffering others to misuse the damaged goods : Wood on Fire Ins. 2d. ed. 1056.

Mrs. Heller was bound to pay her rent whether the premises were rebuilt or not : Bussman v. Ganster, 72 Pa. 285.

OPINION BY MR. JUSTICE DEAN, October 5, 1896 :

Five adjoining buildings, forming a single store, at corner of

Arch and Eighth streets, Philadelphia, were destroyed by fire, 23d of January, 1888. They were owned by Thomas K. Peterson, trustee, etc., who by lease dated June 15, 1887, rented them to Marietta Heller, this plaintiff, for the term of three years from 1st of January, 1888, at an annual rental of $8,500, payable monthly, and she was in possession at the date of the fire. The Royal Insurance Company, this defendant, on 26th of January, 1887, issued to plaintiff a policy of indemnity against damage, to her interest as lessee of the buildings by fire in sum of $6,000. In the policy is this stipulation:

"It being understood that this policy is. to indemnify the assured for any loss accruing to her by reason of having to pay rent for the within-described building (during) such time or times as the building may be untenantable by reason of fire or fires occurring during the continuance of this policy, loss not to be limited by date of expiration of the policy, it being understood that the sum insured is the annual rental of the property, and the amount of loss is to be computed on the basis."

Peterson, the landlord, also took out in the Pennyslvania Fire Insurance Company a policy covering the term of the lease, indemnifying him against loss of rents by fire in the sum of $8,500, in which was this clause:

"It is understood and agreed, that in case the above-named building, or any part thereof, shall be rendered untenantable by fire, this company shall be liable to the assured for the actual loss of rent ensuing therefrom, not exceeding the sum insured, which shall be taken as the yearly rent of the premises, and this company shall be liable only for such proportion of any loss as the sum hereby insured bears to the annual rent of the building. The assured agreeing to rebuild or repair said premises in as short a time as the nature of the case will permit. Loss to be computed from the date of the occurrence of said fire, and cease on said building being rendered tenantable.

" Note : In case the assured shall elect not to rebuild or repair said premises in as short a time as the nature of the case will admit, then the loss of rent shall be determined by the time which would have been required for such purpose. Pennsylvania Fire Insurance Company."

After the fire, the property was unoccupied for any purpose until the 24th of July following, a period of six months, when

plaintiff entered into an agreement with her landlord, that he would within seven months erect a new and better building on the lots covered by the old buildings, and make it larger by extending it over three adjoining lots; further, plaintiff agreed she would accept a lease of the new buildings for a term of five years at an annual rental of $17,000, payable monthly. There were further stipulations, that nothing in the agreement was to affect plaintiff's liability for rent under the old lease until the completion of the new building, and that the entry of the landlord for purpose of rebuilding was not to be deemed an eviction by him or a surrender by her. It was further stipulated, that nothing in the agreement was to affect the right of either on policies of insurance which each held for rent.

After the fire, this defendant denied any liability, except a proportionate one on loss of rent under both policies, which was, with interest, $3,096.50, and which it paid to plaintiff without prejudice to her alleged right to claim her entire loss. The Pennsylvania Company, although disclaiming all liability, paid the landlord $2,000, for benefit of Mrs. Heller. The plaintiff paid the landlord the rent for one year, the time the premises were untenantable, and claimed defendant was liable on its policy to her, for a balance of $3,000 with interest, payment of which being refused, she brought suit. The defendant filed affidavit of defense, averring that the agreement to rebuild was a collusive arrangement between the parties at the suggestion of the landlord's insurance company, by which that company was to escape any payment on account of the loss. The court below entered judgment for want of a sufficient affidavit of defense; on appeal, this judgment was reversed, this court holding that the facts tending to show collusion would, if proved, relieve the landlord's insurance company from payment of its proportion of the loss, and the evidence tending to show fraud was for the jury. The case is reported in 133 Pa. 152. When the record was remitted, the defendant, instead of pleading and going to trial, filed a demurrer to plaintiff's statement of facts as not being sufficient in law to warrant judgment; the court below sustained the demurrer, and plaintiff appealed; this court, in opinion by Chief Justice, see 151 Pa. 101, held that, under the circumstances as averred by plaintiff, the averment of fraud in the affidavit having dropped out of the case,

she was entitled to recover on her claim set out of record; that the facts neither constituted an eviction by the landlord, nor a rescission of the contract under which the plaintiff was answerable for rent, and for aught that appeared, the transaction was a perfectly honest one; so the judgment was reversed and a procedendo awarded. On the trial of the case in the court below, considerable evidence was given tending to show correspondence and negotiations between the parties and the insurance companies, principally with a view to adjustment without suit of their respective rights; but the court being of opinion no available defense had been proved, at the close of the evidence directed a verdict for the plaintiff for $3,000 and interest. We now have this appeal, assigning six errors. It is unnecessary to discuss them in detail. When the case was last here, Chief Justice STERRETT says, with this agreement before him: " It neither constituted an eviction by the landlord, nor a rescission of the lease under which plaintiff was liable for the rent as to which she was insured by defendant company." There is nothing new in the case now to affect the correctness of this conclusion; the parties in open court abandoned any averment of fraud in the making of this agreement. That being the case, defendant's liability remains according to its contract; that stipulates it was to " indemnify the assured for any loss accruing to her by reason of having to pay rent for the within described building during such time or times as the building may be untenantable by reason of fire." It was untenantable during the entire period covered by her claim, by reason of the fire; the occupation of the lot by the landlord for seven months in rebuilding, in no reasonable construction of this clause, rendered the premises tenantable, while the agreement with the landlord expressly stipulated her liability for rent was to continue during this period; therefore, what rent she paid was her loss, and this defendant contracted should be made good. Nor does the fact that the landlord paid over to her $2,000 received by him from the Pennsylvania Company, affect her contract right against this defendant. She received that from a source outside of and independent of her contract for indemnity, just as she might have received a gift of that amount from any friend who desired to aid her; defendant lost nothing, and the $2,000 did not even reimburse her in full for her loss. She paid rent for unoccupied

premises, $8,500; she claims from this defendant $6,000, less the $3,000 already paid her; she has received from her landlord $2,000, leaving her still a loser for the year the building was not tenantable, $500. As is well said by the learned judge of the court below: "Its (defendant's) burden has not been increased, nor has it been deprived of any right it possessed. . . . The landlord and tenant had a lawful right to make the agreement they did make, and the risk and loss of the defendant company, not having been increased thereby, it is liable for the amount due on its policy."

The judgment is affirmed.