FELTY v. NATIONAL ACCIDENT SOC.

(Circuit Court, E. D. Pennsylvania.  June 14, 1905.)

No. 4.

PLEADING—DEFECTS IN STATEMENT OF CLAIM—WAIVER BY PLEADING TO
MERITS.

Under the Pennsylvania practice the filing of an affidavit of defense to the merits is a waiver of any objection to formal defects or imperfections in the statement of claim.

At Law.  On demurrer to statement of claim.

Andrew J. Maloney, for plaintiff.
A. W. Schalck, for defendant.

J. B. McPHERSON, District Judge.  For present purposes it may be admitted that the statement is defective in several particulars, and that an objection thereto, if seasonably made, would have been sustained.  The defects are amendable, however, for the subject-matter of the suit is within the jurisdiction of the court of common pleas of Schuylkill county, in which the action was originally brought, and of the circuit court; and, if the writ was properly served upon the defendant, both courts had jurisdiction of the parties also.  If, therefore, the omissions pointed out by the defendant should be supplied, a good cause of action would be presented by the statement.  But in my opinion no amendment is necessary at present, for reasons now to be stated.  The suit was brought on November 10, 1894, and the statement was filed on November 19th.  Its defects were immediately apparent, but, instead of demurring promptly, the defendant chose to file an affidavit of defense on the merits.  This was done on December 15th, and was followed at once by an attack on the service of the writ, which was not concluded until April 9, 1897, when the court of common pleas refused to set aside the service.  Application was then made to remove the cause to this court, and on April 26th the order of removal was made.  On October 6, 1897, the pending demurrer was filed, nearly three years after the defects in the statement were known to the defendant, and more than seven years later the demurrer was argued.  It is true that in the affidavit of defense the following sentence is to be found:

"This affidavit is filed under protest, and simply to save being defaulted for want of such affidavit of defense, the defendant reserving the right to move to quash the writ, or to set aside the service thereof, and other preliminary motions."

But this attempted reservation of right had no effect.  The defendant was not bound to file an affidavit of defense to a statement that did not set forth a good cause of action.  The proper course was to demur, or to move for a more specific statement, and there could have been no default if either course had been taken.  But the defendant elected to proceed at once to the merits, and this was a waiver of objection to the imperfect statement.  Further discussion is unnecessary, since the point has been expressly decided by

the Supreme Court of Pennsylvania in Heller v. Ins. Co., 151 Pa. 101, 25 Atl. 83. Two of the common pleas courts of the state have repeated this ruling: Wagner v. Smith, 11 Pa. Dist. R. 662; Pittsburg, etc., R. R. Co. v. Hayes, 13 Pa. Dist. R. 671.

The demurrer is overruled, and the defendant is ordered to plead on or before June 26th.