## Hottenstein *v.* Johnson, Appellant.

*Affidavit of defense—Practice, C. P.—Pleading—Statement of claim—Check.*

1. Where an affidavit of defense has been filed to the merits and the court below has made absolute a rule for judgment for want of a sufficient affidavit of defense, the defendant cannot on an appeal from the judgment of the court below allege for the first time that the statement of claim is insufficient.

2. In an action founded on a check the plaintiff averred in his statement of claim that the defendant forwarded the check to him with directions that he should pay the proceeds thereof to a third person, and that immediately upon receipt of the check he did pay over the amount of it to the person designated. The defendant in his affidavit of defense denied "that he made any such request to plaintiff, or that the plaintiff expended any of said moneys as he had alleged he did." *Held*, that the affidavit of defense was sufficient.

Argued Oct. 20, 1910. Appeal, No. 150, Oct. T., 1910, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1910, No. 3,113, making absolute rule for judgment for want of a sufficient affidavit of defense in case of C. D. Hottenstein v. Joshua M. Johnson. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Reversed.

Assumpsit on a check.

Plaintiff's statement of claim was as follows:

C. D. Hottenstein, the above-named plaintiff, seeks to recover from Joshua M. Johnson, the above-named defendant, the sum of $282.06, being the amount of the check together with protest charges thereon made by the said defendant to the order of the plaintiff, dated June 3, 1909, for the sum of $280. Copy of said check is as follows:

"Bellevue Stables No. 1125 Locust Street Philadelphia, June 3, 1909. $280.00. Union National Bank N. E. Cor. 3rd & Arch Sts. No. 1176. Pay to the order of C. D. Hottenstein Two hundred and Eighty-Dollars.

"J. M. JOHNSON."

When the said check made by the defendant as aforesaid was presented at the Union National Bank for payment and payment thereof demanded, the bank refused to pay said check, stating that payment thereon was stopped. Whereupon the bank to whom the said check had been sent for collection, to wit, The Western National Bank of Philadelphia, caused the same to be duly protested. The said defendant forwarded the said check to the plaintiff with directions that he should pay the proceeds thereof to a Mr. Hain. The said plaintiff avers that immediately upon the receipt of said check he did pay to the said Hain, as requested, the sum of $280, whereupon the said defendant became liable to pay to the said plaintiff the amount of said check, which, however, he has failed to do, and hence the plaintiff brings this suit to recover the amount of said check, to wit, $280, plus the protest charges, $2.06, together with interest thereon from June 3, 1909.

The affidavit of defense was as follows:

Deponent says that no liability is imposed upon this deponent by reason of the making of said check and the same does not constitute an obligation or a cause of action.

The plaintiff's statement of demand is defective and

564    HOTTENSTEIN *v.* JOHNSON, Appellant.

Statement of Facts—Opinion of the Court.    [44 Pa. Superior Ct.

insufficient to entitle the plaintiff to recover thereon by reason of the omission therefrom of formal averments.

That while it is averred that deponent forwarded the said check with directions to pay the proceeds as therein stated, yet it is not alleged whether said directions were verbal or written and if in writing no copy thereof is attached to plaintiff's statement.

Deponent further avers that the alleged payment of said money upon the alleged request of deponent imposed no liability upon deponent for payment thereof to the plaintiff.

Deponent denies that he made any such request to the plaintiff or that the plaintiff expended any of said moneys as he has alleged he did.

All of which facts are true and deponent expects to be able to prove the same on the trial of this case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles L. Smyth,* for appellant, cited: Penn Nat. Bank v. Kopitzsch Soap Co., 161 Pa. 134; Edison General Electric Co. v. Thackara Mfg. Co., 167 Pa. 530; Gould v. Gage, 118 Pa. 559.

*J. S. Freemann,* for appellee, cited: Superior Nat. Bank v. Stadelman, 153 Pa. 634; Boal v. Gas Co., 23 Pa. Superior Ct. 339; International Savings & Trust Co. v. Stenger, 31 Pa. Superior Ct. 294; Odd Fellows Savings Bank v. Miller, 179 Pa. 412.

Opinion by Henderson, J., November 21, 1910:

The plaintiff's action is founded on a check drawn by the defendant to the plaintiff's order a copy of which check is set forth in the statement of claim. The error assigned is to the action of the court in making absolute a rule for judgment for want of a sufficient affidavit of defense. The

first proposition presented by the appellant is that the statement of claim is defective and insufficient. The procedure Act of May 25, 1887, P. L. 27, requires that the declaration "shall consist of a concise statement of the plaintiff's demand" and that in the action of assumpsit it shall be replied to by affidavit. The plaintiff having filed his statement one of the things to be considered by the defendant when called upon to reply under oath was the sufficiency of the statement and if it was deemed insufficient the defendant should have raised the objection in the nature of a demurrer in the reply filed thereto. This would have given the plaintiff notice of the objection to the statement and would have enabled the court to determine its sufficiency at the threshold of the litigation. The objection was not made in the affidavit of defense and it would be unjust to the court below and the plaintiff to consider that question on this appeal. Having entered a general defense on the merits of the case it is too late now for the first time to object to the form of the statement: Heller v. Royal Ins. Co., 151 Pa. 101.

As to the sufficiency of the affidavit of defense it must be said that the greater part of it is vague, evasive and wholly insufficient. It contains one averment, however, which we think entitles the defendant to be heard by a jury. The statement after setting forth the fact of the presentation of the check by the plaintiff to the bank on which it was drawn and the refusal of the bank to pay because payment thereon had been stopped declares that "the said defendant forwarded the said check to the plaintiff with directions that he should pay the proceeds thereof to a Mr. Hain. The plaintiff avers that immediately upon the receipt of said check he did pay to the said Hain as requested the sum of $280, whereupon the said defendant became liable to pay to the said plaintiff the amount of said check" etc. The consideration for the check is thus set up and the request by the defendant to the plaintiff to pay the amount of the check to Hain and the payment of that amount to him by the plaintiff become material

facts in the case. If the check was given to secure the plaintiff for the payment of the sum named to Hain and the amount was not so paid the plaintiff would not have a right of action against the defendant so far as the statement discloses a cause of action. To this averment of the declaration the defendant makes reply in the affidavit that he did not make any such request to the plaintiff as is set forth in the declaration and he denies that the plaintiff expended any money on his account as alleged in the statement. This, we think, is a sufficient denial that the defendant requested the plaintiff to pay out money on his account to Hain or that any money was so paid out by the plaintiff. Criticism is made by the learned counsel for the appellee of the use of the word "such" in connection with the request of the plaintiff and of the use of the word "expended" and our attention is called to the probability that the defendant used these words evasively, but this involves too great a refinement of construction when applied to an affidavit of defense. Giving to the whole paragraph of the affidavit the plain and ordinary significance which its language suggests it is a denial of the existence of the consideration on which the plaintiff rests his right to recover and as the plaintiff's claim is based wholly on the fact that he paid out the amount stated in the check at the request and by the direction of the defendant we feel constrained to hold that this part of the affidavit is sufficient to put the plaintiff on proof.

The judgment is therefore reversed and the record remitted with a procedendo.