## Lowenstein v. McGowan.

*Contract—Engagement to marry—Objection of mother to son's marriage —Trespass—Damnum absque injuria.*

1. An engagement of marriage is more than a mere executory contract. It involves a status or relationship in which others than the contracting parties have rights recognized by law, e. g., the parents of the contracting parties.

2. A mother has a right to advise her son against a contemplated marriage, and if injury results to the woman to whom he has engaged himself, such injury is *damnum absque injuria.*

3. If the woman brings an action of trespass against the mother, a statement of claim filed therein shows no sufficient cause of action, where it merely alleges "that defendant contrived and intended to alienate and destroy the affection" of her son for plaintiff, and by "her . . . influence caused" her said son to break said engagement to marry, alienated her said son's affection for plaintiff, and deprived plaintiff of the society, fellowship and affection of her, defendant's, said son, both as a fiance and as a future husband.

*Practice, C. P.—Striking off statement—Trespass—Affidavit of defence— Agreement of counsel—Act of May 14, 1915.*

4. A motion to strike off plaintiff's statement in an action of trespass after fifteen days' service of process and return-day have gone by, without any prior pleading having been filed, is, under section 18 of the Practice Act of May 14, 1915, P. L. 483, ordinarily too late, unless made by leave of court.

5. Where a written agreement is entered into by counsel extending the time for filing an affidavit of defence, such agreement is binding and prevents the pleadings from being closed.

6. A motion to strike off plaintiff's statement stops the running of the fifteen-day period during which defendant may file an affidavit of defence.

Action in trespass. Statutory demurrer. C. P. Washington Co., Nov. T., 1922, No. 278.

Before Brownson, P. J., and Cummins, J.

*Harry A. Jones,* with him *W. D. McBryar,* for plaintiff.

*David Merlin McCloskey,* for defendant.

CUMMINS, J., Aug. 20, 1923.—Plaintiff's action is in trespass. In the statement of claim filed it is alleged that defendant contrived and caused to be broken an engagement to marry shortly theretofore existing between plaintiff and defendant's son. Fifteen days' service of process and the return-day having gone by without any pleading having been filed by defendant, it is contended by plaintiff that, under section 18 of the Practice Act of 1915, defendant's motion to strike off plaintiff's statement and demurrer thereto were too late. We are convinced that plaintiff's contention as to the proper construction and effect of this section of the Practice Act is correct, notwithstanding respectable authority to the contrary. The purpose of pleadings still is to arrive at an issue, and when issue is joined, the pleadings are thereby closed: Heller v. Insurance Co., 151 Pa. 101; Boyle v. Breakwater Co., 239 Pa. 577. Section 18 of the Practice Act provides that "in actions of

trespass, when the defendant fails to file an affidavit of defence within the required time, the case shall be deemed to be at issue, . . ." and if at issue, it is then (without leave of court and for cause shown) too late to file a demurrer or its present equivalent: Heller v. Insurance Co., 151 Pa. 101. And see Newbold v. Pennock, 154 Pa. 591; Louchheim v. Maguire, 6 Pa. Superior Ct. 635; Southern B. & L. Ass'n v. Insurance Co., 23 Pa. Superior Ct. 88; Bank v. Wiegand, 2 W. N. C. 397; Neiler v. Kelley, 69 Pa. 403; Onorato v. Carlini, 272 Pa. 489; Montgomery Bros., Inc., v. Montgomery et al., 269 Pa. 332; Felty v. National Accident Society, 139 Fed. Repr. 57. In this respect, however, there is quite a distinction between actions in *assumpsit* and those in trespass. In the former, although, under section 17 of the Practice Act, judgment by default may be entered for want of an affidavit of defence, yet an affidavit of defence may be filed at any time after the fifteen-day period has elapsed and before judgment actually entered: Fuel City Manuf. Co. v. Products Corp., 268 Pa. 441, 446; Gillespie v. Smith, 13 Pa. 65; Barndollar v. Fogarty, 203 Pa. 617; Banking Co. v. Restein, 314 Pa. 30, 33. And this for the very reason that the pleadings are not closed; but in actions of trespass judgments of default cannot be entered: Parry v. Bank, 270 Pa. 556; Wilson v. Adams Express Co., 72 Pa. Superior Ct. 384, 387; Smith v. Wertheimer, 76 Pa. Superior Ct. 210; instead, the case is, after lapse of the statutory period, deemed at issue, the pleadings are closed, and for that reason defendant's motion to strike off and demur would ordinarily be too late. In this case, however, there was a written agreement between counsel to the effect that the time within which defendant might "answer or demur" should be extended, and this agreement is binding on counsel and prevents the pleadings from being closed: Muir v. Insurance Co., 203 Pa. 338.

A motion to strike off and a demurrer having been filed by defendant, this would stop the running of the fifteen-day period, so that defendant could at least, at any time pending the disposition of same, file her affidavit of defence. The legislature did not require a vain thing—that formal defects in plaintiff's statement must be taken advantage of by motion to strike off, and then by another provision of the same act require the filing of an affidavit of defence to the merits pending the disposition of such motion, the result of which would be to waive the formal defects complained of: McGonnigle v. McGonnigle, 5 Pa. Superior Ct. 168; Newbold v. Pennock, 154 Pa. 591; Heller v. Insurance Co., 151 Pa. 101; Boyle v. Breakwater Co., 239 Pa. 577. It follows, then, that an affidavit of defence, whether in the nature of a statutory demurrer or to the merits of the facts involved, cannot be required while a motion to strike off is pending (Kinney v. Mitchell, 136 Fed. Repr. 773; Haardt v. Wright, 15 Dist. R. 20; Warnecke v. Sherman, 22 W. N. C. 225), and that defendant's affidavit of defence in this case was, therefore, in time.

An examination of plaintiff's statement fails to disclose any formal defect therein which would justify the striking off of this pleading. The defendant's common law demurrer cannot, of course, as such, be longer considered, and, upon motion therefor filed, would have been stricken off. Defendant's statutory demurrer raises the question as to the sufficiency in law of plaintiff's cause of action alleged.

Plaintiff's statement alleged the existence of an engagement to marry between defendant's son and plaintiff; "that defendant contrived wrongfully, wickedly and unjustly and intended to alienate and destroy the affection" of her said son for plaintiff, and by "her wrongful and wicked influence caused" her said son to break said engagement to marry, alienated her said son's affections for plaintiff, and deprived plaintiff of the society, fellowship and

Lowenstein *v.* McGowan.

affection of her, defendant's, said son, both as fiance and as a future husband; for which alleged wrongs plaintiff seeks to recover from defendant, the mother of her intended husband, damages. Do these allegations, if taken as true, constitute a good cause of action?

In support of their contention for the sufficiency of plaintiff's statement of claim, counsel for plaintiff submitted no authorities. In substance, this is an action to recover from a mother who prevailed upon her son not to consummate a marriage agreement. I know of no Pennsylvania authority which will support such an action, and this court will not be the first to adopt so vicious a doctrine. An engagement to marry is more than a mere executory contract. It involves a status or relationship in which others than the contracting parties have rights recognized by law, *e. g.,* the parents of the contracting parties, and if defendant's mother in this case saw fit, as she had a right to do, to advise against her son's contemplated marriage with plaintiff, the injury to plaintiff resulting therefrom would be *dammum absque injuria;* for it should be observed that the statement of claim contains no averments which would support an action for either libel or slander, which alone could give rise to a right of action in such cases. This conclusion is supported by the weight of authority: Davis *v.* Condit, 124 Minn. 365; Homan *v.* Hall, 165 N. W. Repr. 881; Moody *v.* Baker, 5 Cow. (N. Y.) 351, 361; National Phonograph Co. *v.* Edison, 96 L. T., N. S. (Eng., 1907), 218, 224. And see Gernerd *v.* Gernerd, 185 Pa. 233, 237, and cases there cited.

*Decree.*

And now, to wit, Aug. 20, 1923, for the reasons set forth in the foregoing opinion, defendant's statutory demurrer is sustained and judgment is entered for defendant and against the plaintiff for costs.

From E. E. Crumrine, Washington, Pa.