# First National Bank of Waverly, N. Y. *v.* Cyrus Furman et al., Appellants.

*Practice, C. P.—Entry of limited judgment on a general verdict.*

The record showed that the jury was sworn to try the issue between the plaintiff and several defendants generally, of which defendants some who had not been served, entered a general appearance. *Held*, that it was error for the trial judge to order judgment to be entered, on a general verdict, against the defendants served and against them only.

*Practice, C. P.—Promissory note—Burden of proof of bona fide holding.*

A statement is insufficient under the act of 1887 which declares on a promissory note when there is no allegation of delivery nor that the plaintiff is a bona fide holder for value without notice. Such statement will be held insufficient on demurrer, but an affidavit of defense having been filed setting out such facts as would make a case of fraudulent circulation of the note, if proved, the effect is to put the plaintiff on proof of bona fide holding.

*Promissory note—Execution on Sunday—Estoppel.*

Where a contract was not executed on Sunday nor the note dated then, one of several defendants will not be permitted to set up as a defense that he signed the note sued on, on Sunday, the plaintiff an alleged innocent holder for value having had no notice of the note having been signed on that day.

*Promissory note—Allegation of forgery—Burden of proof.*

An affidavit filed by one of several makers of a promissory note that his name attached thereto is a forgery, is such a denial as entitles defendants to have the execution of the note affirmatively proved on the trial of the case.

*Practice, C. P.—Service of summons—Effect of general appearance.*

Where some of several defendants have been served and some have not, the effect of a general appearance for the defendants is to bring all into court as fully to all intents and purposes as if the summons had been regularly served by the sheriff upon all and duly so returned.

Argued Feb. 16, 1897. Appeal, No. 10, Feb. T., 1897, by defendants, from judgment of C. P., Tioga Co., Nov. T. 1894, No. 145, on verdict for plaintiff. Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Assumpsit on promissory note. Before MITCHELL, P. J.

It appeared from the evidence that plaintiff's claim is founded on the following promissory note:

"$533 33.                  GAINES, Pa., July 15, 1893.

" One year after date, for value received, we, or either of us, promise to pay Faulkner & Co., or order, five hundred and thirty-three dollars and thirty-three cents at the Farmers and Trader's Bank, of Westfield, Pa., with interest at 6 per cent. per annum; interest payable annually.

| | |
|---|---|
| " E. D. PHILIPS, | ANDREW BRIMEGIN, |
| " W. B. SMITH, | BURT FURMAN, |
| " NORT FURMAN, | WILLIAM STAGE, |
| " CYRUS FURMAN, | WALLACE PHOENIX, |
| " W. J. BUCHAN, | WILL A. REXFORD, |
|     his | E. G. BEACH, |
| " A. (X) VANDERHOOF, | JEFF MORRIS. |
|     mark | |

           " Witness, J. E. FAULKNER.
           " Endorsed FAULKNER & CO."

The summons and statement of the plaintiff's claim was served personally on all the defendants except A. Vanderhoof, W. J. Buchan and Cyrus Furman. As to these the sheriff returned " non est inventus." A general appearance was entered by counsel for all the defendants, and on the same day an affidavit of defense was filed by Cyrus Furman, alleging as defense that the note was a forgery and never signed by him or any person authorized by him to sign the same. Buchan and Vanderhoof, the other two defendants not served, filed affidavits of defense.

Verdict for plaintiff in the sum of $613.69. Motions and reasons for a new trial being filed, on motion in arrest of judgment, were overruled and set aside and it was ordered that judgment be entered on the verdict in favor of the plaintiff and against defendants served and against them only. Defendants appealed.

*Errors assigned* were (1) in admitting in evidence the note sued upon and in overruling the defendants' objections : " Defendants' counsel object to the introduction of the note in evidence for the reason that one Cyrus Furman's name purports to be signed to the note as one of the makers thereof and that there is an affidavit of defense in the case as to his name ; that his name is a forgery to the note, which throws the burden of

proof upon the plaintiff to prove the signature, certainly of Cyrus Furman, and as we insist the signatures of the execution of the note by all the other signers thereto, for the reason that the name of one Andrew Brimegin appears as signed to said note; there is an affidavit of defense on file to the effect that he subscribed his name to that note on Sunday, and on Sunday delivered it to the original payee; therefore the note is not competent in evidence as against Brimegin unless that fact is overcome by proof to the satisfaction of the court, and for the further reason that the plaintiff is the First National Bank, of Waverly, which corporation is alleged to have purchased this paper before maturity. There are several affidavits of defense alleging that this paper was not transferred before maturity for value; that it was not bought by the plaintiff in good faith for a valuable consideration or in substance; that therefore we insist that the several affidavits of defense in this case put the burden of proof upon the plaintiffs in the case to prove all the other signatures to the note and to prove the signatures of all defendants to the note that are contested and to prove the bona fides of transfer; that the affidavits offered charge the plaintiff with knowledge of the several affidavits of defense to this suit before they bought this note in controversy and the due execution of the note by the defendants.

"Counsel for plaintiff does not offer the note in evidence as against Cyrus Furman, W. J. Buchan and Andrew Vanderhoof, the parties who are not served and are not in court, but only offer it as to the parties served.

"As to the modified offer of the note in evidence the same objection is made as to the original offer, and further say that Cyrus Furman, Andrew Vanderhoof and W. J. Buchan appear named in the præcipe in the case and appear in the statement filed as defendants, and in the summons as defendants in the case. That Cyrus Furman, while the record shows, was not personally served with a summons in the case, has appeared with counsel in the case and filed an affidavit of defense alleging his name to be a forgery. Counsel insist he is in court and entitled to make answer as if he had been served with a summons, and for the further reason this being a joint and several note and the plaintiff having elected to sue all these defendants jointly, must recover against them jointly or against none.

That it is incompetent to commence an action against defendants and then ask to be relieved from the effects of such an action by electing certain defendants to respond, and excuse others."

By the Court: The only question now before the court, is whether the note now offered in evidence is admissible as evidence under the law. We understand from the statement of counsel and it is not disputed by counsel for the defendants, (we have not ourselves examined the record) that there has been no denial made by any of the parties served with the writ in this case; that this note was executed by them as it appears to be on its face. We are clearly of the opinion that all the suggestions of counsel in relation to other matters (and some of them mentioned in the objection to the offer) now made, relate to questions which do not control the one now before the court. In so far as they can affect the case trying they are to be submitted, if properly evidenced in reply to plaintiff's case prima facie. We think the note must be taken to speak for itself in the absence of any denial of any of the defendants served with the process in this case. As to Cyrus Furman the court cannot determine the question of identity from the similarity of the name as signed to the affidavit that has been mentioned and the one in the process in the original writ; we will not undertake to determine that question in this summary way. The note is admitted in evidence and the objections are overruled.

(2) In rejecting the evidence offered by defendants to be given by Cyrus Furman, viz : Cyrus Furman called and sworn: " Q. What is your name ?   A. Cyrus Furman.". Note marked plaintiff's exhibit " B " shown the witness Cyrus Furman ; the note admitted in evidence for the plaintiff and upon which the action is predicated which note purports to be signed by thirteen makers, more or less, among which names appears the name of Cyrus Furman, and it appearing by the record in this case, that Cyrus Furman is one of the defendants in this case, and has made an affidavit of defense in it in which he has stated he is one of the defendants in this case and in which he thus denied making, or signing the note offered in evidence and has stated if his signature appears there it is a forgery, and the said Cyrus Furman having appeared by counsel in the case and having filed

such an affidavit, his attorneys now offer to ask him to examine the note in question and examine the name written Cyrus Furman, and say whether or not that is his genuine signature.

Counsel for plaintiff object to the testimony offered, for the reason there is no proof in the case that the witness, Cyrus Furman, now upon the witness stand, is the Cyrus Furman upon the note, and it also appears by the affidavit filed by this witness that he never saw this note and knows nothing about it, and there is no presumption that this man is the same man that is upon the note.

By the Court: "We have allowed already to be given in evidence the note upon which this suit is founded, but the note is not as the record stands and cannot be a charge against the defendant, Cyrus Furman, whoever he may be. It appears by the record he was returned " not found," therefore he had no notice of any suit and is not directed to appear, and we are not to assume because some individual by that name has appeared, that it is the individual in question whom the plaintiff seeks to charge. It will be time enough for him to answer when he is summoned to appear and answer the plaintiff in this case. The judgment upon the issue trying by this jury cannot in any manner affect any Cyrus Furman either this or any other because there has been no service upon any Cyrus Furman. The court can not undertake to determine this question of identity in this way.

The objections are sustained and the evidence rejected. .

(3) In rejecting the following offer of evidence: Defendants' counsel now offer to ask this witness (Cyrus Furman) if he knows and is familiar with the handwriting and signature of Cyrus Furman, the name purporting to be signed to the note in question. The object of this offer and the preceding offer was to show and is to show that the witness on the stand who claims to be a defendant in this case, to prove by the witness on the stand that the name Cyrus Furman subscribed as one of the makers of the note in controversy is a forgery, and to be followed by other proof showing that Cyrus Furman whose name is written to the note in controversy is the witness on the stand and that there is no other Cyrus Furman in the vicinity of Gaines where the note was signed by the other makers, and that he verily believes that the signature to that

note was intended to be a forgery of his name and is in fact a forgery of his name and signature.

To be further followed by proof that this witness and defendant, Cyrus Furman, lived at the time of the purported execution of this note in the vicinity of Gaines, and one of the neighbors and acquaintances of the other parties whose names are subscribed to the note in controversy.

Counsel for the plaintiff object for the reason that witness has not stated, and it does not appear to the court that he knows of the Cyrus Furman whose name appears upon the note or that he ever saw the Cyrus Furman upon the note, therefore he would not be competent to testify to his handwriting—and for the reason that it does not appear that the witness upon the stand knows the Cyrus Furman who is alleged to have signed this note and there is no allegation in the case that this is the Cyrus Furman who did sign it. On the contrary the witness upon the stand has sworn that he never saw the note in question, and even if he were the Cyrus Furman named, not being on the record in this case as a defendant he cannot testify to this fact. Further object on the ground that the Cyrus Furman in this case whose name purports to be on the note does live in the vicinity of Gaines, Cyrus Furman the witness upon the stand now intimates by the offer of counsel that he is the Cyrus Furman whose name is intended to be upon the note, not being served with a summons no claim has been made against him in the case, and even if true the note was a forgery as to him, it could not be given in evidence to affect the plaintiffs in this case being innocent purchasers for value before maturity.

By the Court: We think we must reject this offer also for the reason given in rejecting the former offer of a similar character: For under the law in this state the plaintiff is at liberty to proceed to judgment against a particular one of the makers of the instrument sued upon in this case and if not being able to get service upon all may be entitled to judgment against those served and brought into court in response to a service on the writ. We understand the offer to mean that the witness on the stand as has been stated is the person who made the affidavit in which it is stated that he did not sign the instrument, but he cannot himself testify to the identity of the person whose name appears upon the note and an offer to show, that in a certain

locality only that no other Cyrus Furnam lives is evidence of
a negative character that ought not to be permitted.    The objections are sustained and the evidence rejected.

(4) In rejecting the evidence contained in the following
offer : Andrew Brimegin sworn.

Plaintiffs' exhibit " B " shown witness, the note in controversy.
Defendants' counsel offer to show that the witness on the stand
who has sworn that his name is Andrew Brimegin, signed the
note in controversy and on which this suit is predicated on Sunday—the Lord's Day—and that on that day delivered to the
original payee named in the note and that his name appears
subscribed to said note, and that he was served with a summons
in this case.

(6) In its answer to the defendant's first point, which is as
follows : " That the plea and affidavits of defense in this case
overcome the presumption that the plaintiff acquired ownership
of the note in suit before maturity in the ordinary course of
business, and for a valuable consideration, and without notice of
the facts stated in the affidavits of defense of any facts competent
for the makers or either of them to prove as a defense against
the payee of said note.    Therefore, unless the jury believe from
the evidence that the plaintiff purchased the note before maturity thereof, or for a valuable consideration in the ordinary
course of business and without notice of the facts stated in the
affidavits of defense, or of any facts of defense competent for
the makers as against the payee of said note, the plaintiff cannot recover.

" Under what we have already said to you we must certainly
decline to affirm this point made by counsel for the defendants.

" Because it is all based upon matters of record in the files
which do not affect the question trying before the jury at all.
It relates to facts set out in certain papers called affidavits those
alleging certain facts, and alleging also that the persons making
those affidavits believe those facts to be true and expect to
prove them upon a trial before a jury.    When things of that
kind are properly stated before the court the effect of an affidavit of defense may be to stop judgment for the time being
but it can go no further than that.    And as to all these affidavits of the parties in the case none of them are before you.
You are to be governed by the evidence that has been admitted,

and that is governed by the statements we have already made. That is the note upon which the plaintiff bases its claim and the assumption that the law makes, that it became the honest purchaser of it before it became due without notice."

(7) In giving binding instructions for plaintiff; (8) in making the order for judgment.

*Stephen F. Wilson,* with him *Norman H. Ryan,* for appellants.—A general appearance entered for several defendants brings them all into court irrespective of whether the writ has been served on all or not: Scott v. Israel, 2 Binn. 144; Blair v. Weaver, 11 S. & R. 84; Hatch v. Stitt, 66 Pa. 264.

If, therefore, Cyrus Furman is a defendant in the case it must legally follow that the court erred in admitting the note in evidence without proof of the execution. Furman's affidavits allege forgery. "The averment (in a statement) that the note was delivered to the payee, who then and there for a valuable consideration indorsed the same to the plaintiff" does not distinctly set up an indorsement and delivery before maturity and in fact is less specific than a common law declaration and might therefore have been demurrable : Newbold v. Pennock, 154 Pa. 591.

When an affidavit avers that a note was put in circulation fraudulently, it must appear that the holder has such a title as bars all the equities between the original parties : Smith v. Bldg. Assn. 93 Pa. 19.

As to the requisities of an affidavit alleging fraud in the circulation of negotiable paper, see Bank v. Bachenheimer, 5 Dist. Rep. 218.

*D. W. Baldwin,* for appellee.—Each obligor guaranteed the genuineness of all the other signatures: 2 Greenleaf's Evidence, sec. 164; Helms v. Agricultural Co., 73 Ind. 325; s. c. 38 Am. Rep. 147

The plaintiff was not bound by the voluntary appearance of the defendants not served, even had they appeared : Bank v. James, 152 Pa. 365.

As to the entry of judgment against the parties served, see Downey v. Bank, 13 S. & R. 289.

The law presumes the indorsee of negotiable paper to be an

innocent purchaser for value before maturity.   To overcome this presumption bad faith must be proven or at least fraud shown in procuring the paper: Bank v. Garber, 178 Pa. 91; Bank v. Morgan, 165 Pa. 199; McSparran v. Neeley, 91 Pa. 17.

A note signed on Sunday, dated .on a secular day, is good in the hands of an innocent purchaser: Com. v. Kendig, 2 Pa. 448; Harrison v. Powers, 76 Ga. 218; s. c. Am. Digest, 1890, 3518.

OPINION BY BEAVER, J., April 12, 1897 :

Thirteen defendants were included in the action of assumpsit brought by the plaintiff in this case in the court below.   Of these ten were regularly summoned by the sheriff.   As to three he returned the writ non est inventus.   A general appearance was entered for the defendants.   This brought them all into court as fully to all intents and purposes as if the summons had been regularly served by the sheriff upon all and duly so returned. This has been the universal practice in Pennsylvania, recognized and confirmed in Scott v. Israel, 2 Binney, 145, and later in Hatch v. Stitt, 66 Pa. 264.   The defendants were, therefore, all in court, subject to its jurisdiction and each equally entitled to the rights of a defendant.   Cyrus Furman, one of the defendants not served, made an affidavit of defense in which he distinctly alleged the forgery of his name to the note in suit.   Brimegin, one of the defendants upon whom the process was served, alleges in his affidavit: " This affiant is further informed and he believes it to be true that the name of Cyrus Furman to said note is a forgery and this affiant is advised by counsel that such a forgery is a just and legal defense for all of the defendants in the above entitled suit; and this affiant further states that he makes this affidavit of defense as much for all the defendants in this suit as for himself."   Similar affidavits were made by at least two other defendants who had been served with summons.   Section 1, of Rule 18 of the rules of court of Tioga county is as follows : " In all actions upon deed, bond, bill or other instrument of writing which has been declared on, and a copy whereof shall have been filed, within two weeks from the return day of the writ, it shall not be necessary for the plaintiff to prove on the trial, the execution thereof, or the handwriting of the drawers, acceptors or indorsers, of any bill or

note so declared on, but the same shall be taken to be admitted, unless the defendant shall at, or before, the time of filing the plea in such action, deny the execution thereof, or the drawing, acceptance or indorsement of such bill or note, by affidavit." We have here a distinct denial of the execution of the note, so far as Cyrus Furman is concerned, first, by his affidavit, and, secondly, by the affidavits of Brimegin et al. The plaintiff, therefore, was bound, as the first step in his case, to prove the execution of the note. It was offered in evidence, without such proof, objection was made thereto by the defendants and the objection overruled and the evidence admitted. The defendants, having complied with the rule of court by denying the execution of the note in suit as to one of the defendants, were entitled to have such execution affirmatively proved. The first assignment of error is, therefore, sustained.

The second and third assignments of error are also sustained. They relate to offers of evidence based upon the testimony of one of the defendants, Cyrus Furman, by which it was offered to be proved that the name Cyrus Furman signed to the note was a forgery; that there was no other Cyrus Furman in the vicinity of Gaines where the note was signed by the other makers, and that the witness believed that the signature to the note was intended to be a forgery of his name and was in fact a forgery of his name and signature. We cannot understand the grounds upon which these offers were rejected. The court says: "We have allowed already to be given in evidence the note upon which this suit is founded but the note is not, as the record stands, and cannot be a charge against the defendant, Cyrus Furman, whoever he may be. It appears by the record he was returned not found; therefore he had no notice of any suit and is not directed to appear, and we are not to assume, because some individual of that name has appeared, that it is the individual in question whom the plaintiff seeks to charge. It will be time enough for him to answer when he is summoned to appear and answer the plaintiff in this case. The judgment upon the issue tried by this jury cannot in any manner affect any Cyrus Furman, either this or any other, because there has been no service upon any Cyrus Furman. The court cannot undertake to determine this question of identity in this way." But Cyrus Furman was in court. He had appeared by attorney.

He had filed his affidavit of defense.  He was present at the trial.  So far as the record shows, his rights were then being determined by the jury.  He had run the risk of having a judgment entered against him and of being made liable for costs.  He was entitled to his rights as defendant as if he had been regularly summoned by the sheriff.  If the same man had been summoned by the sheriff, he would have been no more really in court and subject to its jurisdiction than by the appearance for him by his attorney.  If he was not the man whom the plaintiff intended to summon by his præcipe, his name should have been stricken from the record upon formal motion and the record should show affirmatively that the jury was not sworn as to him, or the plaintiff could have been permitted to show in rebuttal that the Cyrus Furman named in the præcipe and the Cyrus Furman who appeared were not the same person.  The testimony should have been admitted.

The fourth and fifth assignments of error are not sustained.  It is admitted that the note is not dated on Sunday.  The offer made by the defendant Brimegin was to show that his signature was affixed to the note on that day and delivery made to the payees.  He could not be allowed to contradict the express written contents of the note.  It is not alleged that the contract was made on Sunday, or that the plaintiff had any notice of the note having been signed on that day.  If the plaintiff was a holder for value before maturity, he took a note dated on a business day bearing the signature of this defendant.  He had a right to presume that the note was signed, as its date indicated, and the defendant is estopped from denying that it was signed and delivered otherwise.

The statement in this case is insufficient, under the act of 1887, for the reasons set forth in Newbold v. Pennock, 154 Pa. 591.  There is no allegation of delivery nor is it alleged that the plaintiff is a bona fide holder for value, without notice.  The statement would, doubtless have been held insufficient upon demurrer.  The defendant, however, chose to have the case determined upon its merits and set out in the affidavit of defense such facts as would make a case of fraudulent circulation of the note, if proved, the effect of which, as intimated in Newbold v. Pennock, supra, was "to put the plaintiff on proof of bona fide holding."  The effect of an affidavit, as we have often held, is to

prevent the plaintiff from taking judgment by default, but he is doing so in effect, if upon a trial he is allowed to take judgment simply by the production of the note, notwithstanding the affidavit of the defendant that the note was fraudulently uttered and circulated. If the plaintiff's title to the note in suit was not sufficiently set out in the statement, he would not have been permitted upon objection, as the parties to the action stand, to have introduced the note in evidence, even if no affidavit of defense had been filed, and much less was such a course permissible when the affidavits of defense charged not only a forgery as to one of the makers of the note but fraud as to its circulation. The court below seemed to be of the opinion that to put the plaintiff upon proof of his title to the note was accepting the contents of the affidavits of defense as evidence in the case. Such, however, was not the effect of the affidavits. They were evidence of nothing on the trial and could do no more than put the plaintiff to proof of the execution of the note and his title to the ownership thereof. The sixth assignment of error is, therefore sustained.

It follows that the seventh assignment must also be sustained. As the case stood, the court was not justified in directing the jury to find a verdict for the plaintiff.

In dismissing the motion for a new trial the court below made the following order: "It is ordered that judgment be entered on the verdict in favor of the plaintiff against the defendants served and against them only." By what authority the court made this order we are at a loss to discover. The jury was sworn generally and a verdict rendered for the plaintiff. We are bound by this record. The opinion of the court in denying the motion in arrest of judgment and for a new trial is not a part of the record of the trial, and the statement therein contained that "The plaintiff did not seek to charge any Cyrus Furman as a defendant, repudiated the appearance of the Cyrus Furman who filed an affidavit of defence and stated at the trial that the cause should go to the jury only on the issue joined with the defendants served and not as to the three other defendants not served, among which latter was Cyrus Furman, and, without objection, the jury was sworn accordingly," is not sufficient to contradict the record of the trial which upon its face shows that the jury was sworn generally and delivered a

general verdict.  This record, without more, would undoubtedly sustain a judgment against all of the defendants.  If the jury were sworn only as to the defendants served, that fact should affirmatively appear in the record of the trial.  Inasmuch as it does not so appear, the court was in error in making the decree complained of in the eighth assignment of error. The judgment for the reasons herein set forth is reversed and a new venire awarded.