## Altoona Concrete Construction and Supply Company *v.* Knickerbocker Contracting Company, Appellant.

*Affidavit of defense—Sale—Description of items—Insufficiency of statement.*
In an action of assumpsit to recover for lumber and building material sold and delivered, a statement of claim is not such as to require an affidavit of defense, where the statement, as to a very large number of the items, fails to set forth the kind, quality and condition of the material furnished, or the sizes of various doors and window frames alleged to have been sold and delivered.

Argued Oct. 24, 1905.   Appeal, No. 5, Oct. T., 1905, by defendant, from order of C. P. Blair Co., Oct. T., 1904, No. 50, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The Altoona Concrete Construction and Supply Company v. Knickerbocker Contracting Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court sets forth the averments of the statement of claim, and of the affidavit of defense.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Thomas H. Greevy*, for appellant, cited: Moore v. Smith, 81 Pa. 182; Gausler v. Bridges, 13 Pa. Superior Ct. 646.

*J. S. Leisenring*, for appellee.

OPINION BY BEAVER, J., November 21, 1905:

This appeal is from the judgment of the court below, entered for want of a sufficient affidavit of defense.

The first item in the plaintiff's statement of claim is " June 2.   160 Pcs. 2×8–14 . . . . . . . . . $53.80."

There are ten or twelve similar entries under different dates. If " Pcs." is an abbreviation for pieces, of what were they pieces?

Assuming that they were lumber, although the statement claims for goods, wares and merchandise, etc., delivered, what kind of lumber—hemlock, pine, oak, maple, walnut or mahogany? What information is there upon this subject in the items referred to? If lumber, was it dressed or undressed? The defendant had a right to know definitely the kind, quality and condition of the materials furnished.

The second item in the statement, under the same date as the first, is " 3 door frames 2–6 × 6–8."

If it was necessary or important to give the sizes of the frames thus charged the same information should have been given as to all other frames contained in the statement, and yet there are twenty-two items of a similar character in which the size is not given and no information whatever as to kind or quality. In a number of other items, relating to door and window frames, the sizes are given and, in this way, the defendant was informed, at least in a measure, as to their character, and would be able to determine whether the prices charged were reasonable and just and the usual price charged for similar articles, or whether they were excessive and above the market price.

Under June 2, there is a charge of 100 feet hemlock boards $18.00. Upon the same date there is a charge of 800 feet hemlock boards $14.40. This would indicate that hemlock boards were $18.00 a thousand. Should the item of 100 feet be 1,000 or, if 100, should the price be $1.80? How could the defendant tell? There is either an " 0 " too few in the number of feet or one too many in the price.

In the defendant's affidavit of defense it is said: " Affiant is unable to state what they owe the plaintiff, for the reason that many of the charges for material do not specify the kind of material, hence he is unable to state whether or not the same are correct." This would seem to be a good reason for not making a specific affidavit to the items referred to. In this respect we think the statement was insufficient. It is true the defendant could have ruled the plaintiff to file a more specific statement, but it is the business of the plaintiff to file one which is sufficient and, when insufficient, an affidavit of defense is not required.

To show that this is not a technicality, there appears, under

date of June 8, "8 Pcs. 1 7/8×5–12, W. P., S. 4. S.," which we interpret to mean that there were eight pieces, one and seven-eighths inches by five inches, by twelve feet, of white pine, surfaced on four sides. A similar charge is immediately below it. If it was necessary to inform the defendant by this particular description what those pieces were, why was it not equally necessary to inform him in the same way of all the items to which we have referred and concerning which there is no description whatever ?

As to the items which contain something of description, the defendant has filed his affidavit that the prices charged are unreasonable and excessive and that the prices named by affiant are fair and reasonable market prices for said items.

Assuming for the moment that the defendant was bound to file an affidavit of defense, how could that affidavit be made more specific than it is ? True, he might have added the difference between the prices charged and those which he admits were correct and have stated the difference between the amount of the bill and the amount so determined in definite figures, but that still left the question of uncertainty as to the lumber, if it was lumber, concerning which there is no description and the frames as to which no size is given, as to the price of which he is uncertain. As we understand the affidavit, the defendant admits the delivery of the articles referred to but, so far as he is able to determine the fair price, defends as to the price. It was impossible for him, therefore, to have determined exactly what he was willing to give judgment for. But in any event, that was a matter of mere calculation and the maxim, " That is certain which is capable of being made certain " applies. Whether defendant's attorney furnished such a calculation at the argument does not appear by the record, but certain it is that he could have been required to furnish it.

The affidavit was made by the defendant's superintendent, on behalf of the company, the person on whom the summons was served. He was presumably what the name implied—the practical manager of its operations—and as such naturally knew more of its affairs than any of those technically called officers, if the defendant was a corporation. We see no difficulty, therefore, either as to the person making the affidavit or as to its form, if the affidavit was required, but we are of

opinion that the statement was not such as required an affidavit of defense.   Whilst it might be called in one sense a concise statement of the plaintiff's claim, it was rather too concise and not such a statement as conveyed to the defendant a full knowledge of what the claim, as to its several items, was for, and was not what we have often said a statement of claim must be, self-sustaining.   For both of these reasons, we think the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense should have been discharged.

The judgment is reversed and a procedendo awarded.