# Leek *v.* Livingston Manor Manufacturing Company, Appellant.

*Justice of the peace—Transcript—Amendment.*

A transcript of a justice of the peace after an appeal filed, may be amended so as to bring upon the record of the common pleas a full and true transcript of the proceedings before the justice.

*Practice, C. P.—Statement—Affidavit of defense—Pleading.*

A statement of claim which consists of nothing more than an unintelligible series of figures, and which contains no intimation as to the character of goods furnished, does not impose upon the defendant the necessity of filing an affidavit of defense.

Argued Jan. 11, 1906. Appeal, No. 2, Jan. T., 1906, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1903, No. 1,174, making absolute rule to amend and rule for judgment in case of William H. Leek v. The Livingston Manor Manufacturing Company et al. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ. Reversed.

Appeal from judgment of justice of the peace. Before NEW-COMB, J.

Plaintiff filed a statement of claim averring sale and delivery of lumber and material, and alleging that there was due him the sum of $249.98. Attached to statement was an account alleged to have been a copy of books of original entry, as follows:

Livingston Manor Manufacturing Co.                    Dr.
Dec. 29, 1902, To   834 ft. 2x12
Jan. 17, 1903, "    794 ft. 2x12
  "   24, "     "  1021 ft. Boards
  "   26, "     "  1350 ft.   "
  "   26, "     "   960 ft. 2x12
                    ─────────────
                    4968 ft. @ $10.00           $49.68

| | | | | | |
|---|---|---|---|---|---|
| Feb. | 1, | 1903 | 205 | 2x2x26 | 149 |
| " | 1, | " | 364 | 2x2x28 | 283 |
| " | 1, | " | 622 | 1¾x1¾x30 | 399 ft. |
| " | 11, | " | 341 | 2x2x20 | 189 |
| " | 11, | " | 732 | 2x2x26 | 584 |
| " | 18, | " | 1088 | 1¾x1¾x30 | 697 |
| " | 24, | " | 336 | 2x2x30 | 280 |
| " | 24, | " | 373 | 2x2x26 | 269 |
| " | 24, | " | 128 | 2x2x28 | 99 |
| " | 25, | " | 318 | 2x2x30 | 265 |
| " | 25, | " | 244 | 2¼x2¼x33 | 489 |
| " | 26, | " | 693 | 2¼x2¼x33 | 804 |
| " | 27, | " | 552 | 1¾x1¾x30 | 378 |
| " | 27, | " | 98 | 2¼x2½x33 | 117 |

|  | |
|---|---|
| 5002 ft. @$16 00 | $80.03 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| March | 26, | 1903 | 613 | ten pins | @ 6½ | | 39.84 |
| " | 28, | " | 705 | " | " | @ 6¼ | 45.82 |
| " | 30, | " | 379 | " | " | @ 6½ | 24.63 |
| " | 31, | " | 747 | " | " | @ 6½ | 48.06 |
| April | 1, | " | 606 | " | " | @ 6½ | 39.39 |
| " | 2, | " | 173 | " | " | @ 6½ | 11.25 |

|  |  |
|---|---|
| | $338.70 |
| April 2, " By balance on Jason Cammer order | 15.44 |
| | $323.26 |
| May 6, " By check | 75.00 |
| | $248.26 |
| Interest from May 6th to June 19, 1903 | 1.72 |
| (amt. judg. before Alderman) | $249.98 |

Other facts appear by the opinion of the Superior Court.

*Errors assigned* were the orders of the court.

*A. A. Vosburg*, with him *John F. Murphy*, for appellants.

*Charles L. Hawley* and *R. J. Manning*, with them *Gerritt E. Gardner*, for appellee.

OPINION BY BEAVER, J., March 12, 1906 :

An appeal was taken by Alexander Gillis from a judgment entered by an alderman, at the suit of William H. Leek, against the Livingston Manor Manufacturing Company, in favor of the plaintiff. The appeal was filed. The defendant, alleging that the transcript of the appeal was not a full transcript of the proceedings before the alderman, asked to file an additional transcript which was said to contain the entire proceedings. This was done under a rule to show cause why the record should not be amended. It can scarcely be called a technical amendment. What the plaintiff sought to do was to bring upon the record of the court of common pleas a full and true transcript of the proceedings before the alderman. This, it seems to us, he had a right to do, and we can see nothing erroneous in the manner in which it was done. See Justice v. Meeker, ante, p. 207.

In addition to the transcript, the plaintiff, in order to compel the defendants to file an affidavit of defense, filed a statement of claim, to which the defendants replied by an affidavit of defense and also a supplemental affidavit. In the original affidavit of defense it is alleged, in its fifth paragraph, " That it is impossible to file an affidavit of defense to all of the plaintiff's statement, as the copy attached to plaintiff's statement is vague and indefinite, inasmuch that it does not set forth what the said Livingston Manor Manufacturing Company purchased from said firm, the whole of said statement being a series of figures which are not intelligible to anyone, perhaps, but to the plaintiff."

This raises the question, first of all, as to the sufficiency of the statement. Upon an examination of it, it is found to be just what the defendants allege. It consists of twenty-five distinct items. Of these, eighteen contain no such sufficient intimation of what they are as to impose upon the defendant the necessity for replying thereto by an affidavit of defense. These eighteen items do not specify whether they were for lumber, stone, iron or any other material, and it is impossible to tell from the itemized statement what they were. It is true that in the statement it is said that the sum claimed is " the amount of a book account for lumber and material sold and delivered by the said plaintiff to the said defendant," etc. If other ma-

380 LEEK *v.* LIVINGSTON MANOR MFG. CO., Appellant.

terial than lumber was sold, what was the material? With the exception of a single item, namely, 1021 feet of boards, there is no intimation whatever in the statement of what the material consisted.    Such a statement is not what is required by our procedure act of 1887, and does not impose upon a defendant the necessity of replying thereto by affidavit.    The defendants were, therefore, not called upon to file an affidavit of defense.    See Altoona Construction & Supply Co. v. Knickerbocker Contracting Co., 29 Pa. Superior Ct. 512.

In this view of the case, it is not necessary for us to consider the questions as to the sufficiency of the affidavits of defense as filed.

The judgment is reversed and a procedendo awarded.