# De Cou Brothers Company *v.* Englander, Appellant.

*Practice, C. P.—Pleading—Statement of claim—Sufficiency of statement—Affidavit of defense—Appeals.*

1. If an affidavit of defense does not go to the merits of the plaintiff's claim, but only to the sufficiency of the statement, allegations of fact which do not appear in the statement, should not, on appeal, be introduced into the defendant's history of the case and brief of argument. If he deemed it important that they be brought to the notice of the court, he should have put them in his affidavit of defense and sworn to them.

2. Where a statement of claim alleges that the sum claimed is justly due and payable from the defendant to the plaintiff, the mere omission to aver that it has not been paid,—the statement being sufficient in other particulars to show a good cause of action,—does not relieve the defendant from the necessity of filing an affidavit of defense in order to prevent judgment.

3. Where, in an action against a guarantor, the plaintiff's statement of claim avers that the defendant had admitted to plaintiff's attorney that he had in his hands a certain sum of money which the principal delivered to him to be paid to the plaintiff for goods which the latter furnished to the principal under the guaranty agreement, and such averment is not denied in the affidavit of defense, mere technical objections to the statement of claim which might be good, if the plaintiff were suing the defendant as guarantor only, will not be sufficient to prevent judgment.

Argued Oct. 22, 1908.   Appeal, No. 136, Oct. T., 1908, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1908, No. 2,777, making absolute rule for judgment for want of a sufficient affidavit of defense in case of De Cou Brothers Company v. Samuel Englander.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a guaranty.
Rule for judgment for want of a sufficient affidavit of defense.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Joseph B. Englander* for appellant.

*J. B. Colahan, 3d.,* for appellees.

OPINION BY RICE, P. J., April 19, 1909:

The affidavit of defense does not go to the merits of the plaintiff's claim, but only to the sufficiency of the statement. This being so, allegations of fact which do not appear in the statement should not have been introduced into the defendant's history of the case and brief of argument. If he deemed it important that they be brought to the notice of the court, he should have put them in his affidavit of defense and sworn to them.

We gather the following facts from the statement:

At the time the writing hereafter quoted was executed by the defendant and delivered to the plaintiff, Jennie Levy was an alleged bankrupt, and a receiver had been appointed by the federal court who took charge of her property and caused an inventory to be made of her entire stock of merchandise and all her other assets. She claimed the property under her exemption, and its value as inventoried was $269.

The writing above referred to was signed by the defendant and reads as follows:

"PHILADELPHIA, PA., August 21; 1907.
"Messrs. DE COU BROTHERS CO.,
   "No. 613 Market St., Phila.
"Gentlemen:
   "In pursuance of the arrangement entered into this day between Mr. Moody as receiver of Jennie Levy Estate and Mrs. Levy, whereby she is to be permitted to carry on business pending a settlement between herself and her creditors and in pursuance of which she is to buy additional goods so as to keep the business moving, I hereby guarantee to pay to you such sum or sums not exceeding $150 for bills as the same become due, for goods and merchandise to be delivered by you to her to-day or at any other time hereafter upon her order, the total not exceeding the amount stated."

In accordance with the agreement entered into between the

plaintiff and defendant, and within a week after the date of the paper, the plaintiff sold and delivered to Jennie Levy merchandise to the value of $152.

According to the admission which the defendant made to the plaintiff's attorney, he has in his hands the sum of $150, delivered to him by Jennie Levy for the purpose of paying the plaintiff, which, notwithstanding his written agreement, he refuses to apply toward payment for the merchandise delivered to her.

Upon this state of facts the plaintiff claimed to recover the sum of $150, which, he alleges, "is justly due and payable" by the defendant to the plaintiff.

If this were an action against Jennie Levy upon a book account, the objection that the copy of the account attached to the statement is defective, in that it does not show what goods were furnished to her, would be well taken: Bill Posting Sign Co. v. Jermon, 27 Pa. Superior Ct. 171; Leek v. Livingston Manor Mfg. Co., 30 Pa. Superior Ct. 377. But as will be seen later the rule enunciated in those and other cases does not apply to the present case.

The contention that whether the paper be regarded as creating a guaranty or a suretyship, the undertaking was not a continuing one, is sufficiently answered by referring to the paper itself.

Where a statement of claim alleges that the sum claimed is justly due and payable from the defendant to the plaintiff, the mere omission to aver that it has not been paid,—the statement being sufficient in other particulars to show a good cause of action,—does not relieve the defendant from the necessity of filing an affidavit of defense in order to prevent judgment.

But the appellant's counsel argues that the instrument was a guaranty and not a suretyship, and therefore the statement is defective in other material particulars, namely, because it does not aver notice of acceptance of guaranty, because it does not aver that the principal yet owes the money to the plaintiff, or that the plaintiff has not been paid anything on account, and because there is no averment that the principal is in default or is insolvent.

We are not prepared to concede that the word "guarantee" was used in its technical and not its popular sense. The words are "guarantee to pay," and as SHARSWOOD, J., points out in Woods v. Sherman, 71 Pa. 100, if we substitute any other word in the paper for the word "guarantee"—as "promise," "agree" or "undertake"—there can be no doubt that the writing would impart an absolute engagement to pay for the goods. But without deciding the point, and assuming that a technical guaranty was intended, the plaintiff's case does not rest on that engagement alone. The chief cause of its complaint is that, by his own admission, the defendant has in his hands a certain sum of money which the principal delivered to him to be paid to the plaintiff for the goods which the latter furnished the principal under and pursuant to the defendant's engagement. What precedes in the statement may properly be regarded as introductory to the principal subject of the pleading and as explaining and elucidating it. Granting then that some of the defendant's objections to the statement would be good if the plaintiff were suing the defendant as guarantor only, they are not good as against the plaintiff's claim to recover the money belonging to it which the defendant has in his hands. In the absence of a denial of the alleged admission or of the fact admitted, the court was right in concluding that the technical objections to the statement were not sufficient to prevent judgment.

Judgment affirmed.