# Northwest Building & Loan Association, Appellant, *v.* Godfrey.

*Affidavit of defense—Practice, C. P.—Discharge of rule—Doubtful cases—Appeal.*

An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed on appeal in doubtful and uncertain cases, but only in such as are clear and free of doubt.

Argued Oct. 8, 1909. Appeal, No. 99, Oct. T. 1909, by plaintiff, from order of C. P. No. 1. Phila. Co., Dec. T., 1908, No. 1,564, discharging rule for judgment for want of a sufficient affidavit of defense in case of Northwest Building Loan Association of Philadelphia, Mortgagee, v. Walter A. Godfrey et al., Mortgagors, and Annie M. Godfrey, Real Owner. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur building association mortgage.

The plaintiff's statement of claim set up default in the payment of interest, premiums and fines, and also default in the production of tax receipts.

The defendant in her affidavit of defense averred payment of all dues, interest and premiums on the mortgage without any appropriation of the payments, and that the interest on the mortgage had never been in arrears for a period of six months, the time limit provided by the mortgage for foreclosure. She also averred that she had not produced the tax receipt at the time required, because of her illness; that she had paid the taxes before the mortgage was foreclosed, and had subsequently tendered the receipts and offered to pay arrearages.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Joshua R. Morgan,* for appellant.

*John J. Rahilly*, with him *Wm. M. Hussie*, for appellee.

PER CURIAM, December 13, 1909:

An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed on appeal in doubtful and uncertain cases, but only in such as are clear and free of doubt. Many of the cases supporting this general rule are cited in the opinion of the Supreme Court in the recent case of Wilson v. Bryn Mawr Trust Company, 225 Pa. 143. Viewing the statement of claim and the affidavit of defense in the light of this rule, we are of opinion that the appeal should be dismissed.

Appeal dismissed at the costs of the appellant without prejudice to its right to a trial by jury and a second appeal after final judgment.