# Davis, Appellant, *v.* Komer.

*Practice, C. P.—Pleading—Statement of claim—Insufficient statement—Affidavit of defense.*

1. In an action for goods sold and delivered a statement of claim which sets forth a number of items indicated by unintelligible abbreviations, letters and figures lumped as to amount, and followed by the words "Leaded and plate glass as per estimate ninety dollars; shelving and wainscoting as per estimate fifty-five dollars," is an insufficient statement of claim, and does not impose upon the defendant the duty of filing an affidavit of defense.

2. An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed on appeal in doubtful and uncertain cases, but only in such as are clear and free of doubt.

Submitted March 8, 1912. Appeal, No. 42, March T., 1912, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1910, No. 1,296, discharging rule for judgment for want of a sufficient affidavit of defense in case of C. R. Davis and Reese Davis, trading as C. R. Davis & Son, v. Frank Komer. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Wm. N. Reynolds* and *Wm. N. Reynolds, Jr.,* for appellant.

*James McQuade* and *Arthur O. Kleemann,* for appellee.

OPINION BY MORRISON, J., April 15, 1912:

The plaintiff declared for lumber sold and delivered to the defendant and in the claim, as filed, we find the following:

"June 27 5 pcs. 1x10x16 W. P. ⎱
          3 pcs. 1x8x16  W. P. ⎟
          8 pcs. 1x6x16  W. P. ⎬ 196 ft. @..... 9.80
          5 pcs. 1x3x12  W. P. ⎟
         54 lin. ft. 1x4       ⎭
        275 lin. ft. $\frac{1}{2}$x$\frac{7}{8}$" stop .............. 2.75"

In addition to this the declaration contains the following items: "Leaded and plate glass as per estimate 90.00; shelving and wainscoting as per estimate 55.00." We are clearly of the opinion that the above-quoted items are so indefinite and uncertain that no duty is imposed on the defendant of filing an affidavit of defense. If such estimates were made, were they oral or in writing? If oral, the substance at least of what was said and agreed to ought to have been stated. If in writing, a copy of said

estimates should have been attached to the declaration. As to the bill of items of lumber the defendant had a right to be informed definitely of the kind, quality and condition of the materials furnished. We consider the plaintiff's declaration in conflict with our decision in Altoona Concrete Const. & Supply Co. v. Contracting Co., 29 Pa. Superior Ct. 512; also Leek v. Livingston Manor Mfg. Co., 30 Pa. Superior Ct. 377. See also Northwest Bldg. & Loan Assn. v. Godfrey, 41 Pa. Superior Ct. 237, where we said: "An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed on appeal in doubtful and uncertain cases but only in such as are clear and free of doubt. Many of the cases supporting this general rule are cited in the opinion of the Supreme Court in the recent case of Wilson v. Bryn Mawr Trust Co., 225 Pa. 143. Viewing the statement of claim and the affidavit of defense in the light of this rule, we are of opinion that the appeal should be dismissed."

We are of the opinion that the plaintiff signally failed to file a declaration which called upon the defendant to file an affidavit of defense. An insufficient declaration or statement of claim under our procedure act of 1887 does not impose upon a defendant the necessity of replying thereto by affidavit. The defendant in the present case, therefore, was not called upon to file an affidavit of defense: Leek v. Livingston Manor Mfg. Co., 30 Pa. Superior Ct. 377.

Appeal dismissed, at the cost of appellants, without prejudice to their right to a trial by jury and a second appeal after final judgment.