## Grossman, Appellant, *v.* McMahon.

*Landlord and tenant—Eviction—Repairs—Extraordinary repairs —Affidavit of defense.*

In an action by a landlord against his tenant to recover one month's rent, an affidavit of defense is sufficient which avers that the demised premises consisted of a room used by the defendant in the exhibition of moving pictures, that while a performance was going on, the ceiling of the room collapsed rendering the room untenable, that the plaintiff was immediately notified of the collapse, and without the consent of the defendant took possession of the property for the purpose of repairing it, that by the terms of the lease there was no obligation on the part of the plaintiff to make the repairs, although he could enter for that purpose if he wished, and that by reason of the action of the plaintiff, the defendant was wholly deprived of the use of the room during the time for which the rent was claimed.

Argued Dec. 15, 1915.   Appeal, No. 290, Oct. T., 1915,

by plaintiff, from order of C. P. No. 3, Philadelphia Co., June T., 1915, No. 420, discharging rule for judgment for want of a sufficient affidavit of defense in case of Israel Grossman v. John F. McMahon and Mary J. McMahon. Before RICE, P. J., ORLADY, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the suit was brought to recover $325.00, one month's rent for a room in premises 4204 Kensington Ave., Philadelphia. The lease provided that the lessees should keep the premises "in as good order and repair as the same now are, reasonable wear and tear and damage by accidental fire, excepted."

The lease also contained the following provision:

6. The lessor reserves the right, at all reasonable times, to visit and inspect the demised premises, personally or by agent, and to cause any repairs to be made which he may deem proper.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Jacob Hoffman,* for appellant, cited: Hoeveler v. Fleming, 91 Pa. 322; Magaw v. Lambert, 3 Pa. 444; Maberry v. Dudley, 2 Penny 367; Clark v. Lindsay, 7 Pa. Superior Ct. 43; Reineman v. Blair, 96 Pa. 155.

*Philip Sterling,* for appellees, cited: Gibson v. Earling, 48 Pa. Superior Ct. 566; Paxson & Comfort Co. v. Potter, 30 Pa. Superior Ct. 615; Burgwin v. Bishop, 91 Pa. 336.

OPINION BY KEPHART, J., April 17, 1916:

This is an appeal from an order of the court refusing to enter judgment for want of a sufficient affidavit of defense. The claim was for one month's rent. Defendant leased a room in Philadelphia with all the machinery, fixtures, and furniture located therein to be used as a motion picture parlor and for no other use. The plaintiff lessor reserved the right at all reasonable times to cause any repairs to be made which he might deem proper. The affidavit of defense set forth that within a few months after the occupation of the property and while exhibiting a motion picture, a large portion of the ceiling of the premises collapsed and fell to the floor. Plaintiff was immediately notified and repaired the ceiling. A few days later the entire rear portion of the ceiling of the premises collapsed and fell to the floor, thereby rendering the premises untenantable and impossible of use and occupation, and as a result of this collapse and the dangerous condition of the ceiling the fire marshal of the City of Philadelphia closed the premises, and the defendants were forbidden to resume the exhibition of motion pictures until permitted by the fire marshal's department; that no permit had been received up to the time of filing the affidavit of defense. The plaintiff was immediately notified of the collapse of the building and without the consent of the defendants he took possession of the property for the purpose of rebuilding, repairing, and restoring it to tenantable use. The plaintiff sues to recover for one month's rent, it being for a part of the period in which the premises were occupied by the plaintiff while making these repairs. The defendants claim an eviction or a deprivation of the beneficial enjoyment of the premises. "Physical expulsion is not now considered necessary to constitute an eviction. Any act of a landlord which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under a lease, will amount in law to an eviction and suspend the rent": McSorley v. Allen, 36 Pa. Superior Ct. 271.

Whether an eviction has taken place or the beneficial enjoyment has been interfered with, largely depends on the circumstances of each particular case. The question presented by this appeal is as to the extent of the repairs which the landlord could make under the reservation contained in the lease without working an eviction. It may be conceded that when the lease was executed it was not in the minds of the parties that any extraordinary disturbance such as here took place was contemplated. If the landlord had been bound by the lease to make the repairs and they had been of the ordinary wear and tear of the property, no difficulty would be presented. But where the repairs, through accident or defective building construction, were so extensive as to exclude the tenant, a more difficult question arises.

We feel that the determination of this question is well within the reasoning of Hoeveler v. Fleming, 91 Pa. 322. In that case a fire partially destroyed a property. Under the terms of the lease the tenant was to deliver the possession of the premises in good and sufficient repair as when received, reasonable wear and tear and accidents by fire excepted. The tenants were to have the right to make certain alterations, which alterations and repairs were to be made at their cost, excepting such ordinary repairs as would make the house tenantable. The landlord had the right to see that the house was made tenantable though he was not compelled to do it. The landlord, through his contractor, took possession of the property and repaired it. It was stated that the repairs were necessarily extensive requiring a complete possession of the premises to effect them. The Supreme Court said, on the question of the extent of repairs that could be made by a landlord where he has the right to make repairs: "Where, however, the repairs are not ordinary, but are of a character to deprive the tenant of all beneficial enjoyment of the premises, or at least seriously interrupt it while the repairs are in progress, we have a question presented of a different character......There

is no evidence that the defendants assented to the occupation of the premises for the purpose of rebuilding. It is clear that by the terms of the lease the defendants were not obliged to rebuild......But the plaintiff...... proceeded to rebuild, wisely perhaps, as the injury to the dismantled building from the storms would have been greater than any probable loss of rent. Having proceeded to rebuild for her own interests quite as much as for the cenvenience of the tenants, and having thereby taken the possession of the demised premises to their entire exclusion, without request or even assent on their part, can she hold them for the rent? In the somewhat quaint language of Baron Gilbert 'the tenant can make no return for the thing he has not.' In Magaw v. Lambert, 3 Pa. 444, it was held 'if a landlord take possession of the ruins of his premises destroyed by fire for the purpose of rebuilding, without the consent of his tenant, it is an eviction; if with his assent it is a rescission of the lease, and in either case the rent is suspended.' I am unable to see any substantial distinction between that case and the one in hand......But it is said here that the landlord was bound to repair. I do not so understand it. Aside from the lease there was no duty upon her to do so, and the lease did not impose any. In no part of it does the plaintiff covenant to repair."

In the present case the collapse of the building and the entry of the landlord to rebuild amounted to a complete exclusion of the defendants from the premises. There was no obligation on the part of the landlord to make the repairs, though he could do it if he wished. Nor, on the other hand, was there any obligation on the tenant to make a repair of this kind. The landlord could not in the prosecution of a repair of this character deny to the tenant the beneficial use of the property and if he did so, he could not claim rent for so much of the premises as the tenant had been denied the use. Whether the injury was of an extraordinary character, not contemplated in the ordinary acceptation of the term repairs as used

generally in a lease, would be a question of fact for the jury.  The same is true of the question whether the tenant was denied the beneficial enjoyment of the premises or any part thereof.  We need not discuss the effect of the action of the fire marshal in closing the building and denying to the tenant occupancy thereof.  It is not necessary to determine whether this amounted to a technical eviction and whether it was brought about through the act of the landlord in failing to provide a suitable building for the purpose for which it had been leased. The answer to the first proposition will take the case to the jury and we think that is all that is necessary to pass on under the facts of the case.

The appeal dismissed.