## Marvel v. Mullen, Appellant.

*Landlord and tenant—Action for rent—Failure to supply heat—Affidavit of defense.*

In an action by a landlord against his tenant to recover rent, an affidavit of defense is sufficient, which recites a lease providing that the landlord would furnish hot water heat during cold weather, and cold and hot water without extra charge, and avers that the tenant was compelled to leave the apartment because of the insufficient heat furnished by the landlord.

Argued Nov. 20, 1918. Appeal, No. 156, Oct. T., 1918, by defendant, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1917, No. 4143, making absolute a rule for judgment for want of a sufficient affidavit of defense in the case of Philip Marvel v. R. J. Mullen. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Myles Higgins,* for appellant.

*I. Emanuel Sauder,* for appellee.

OPINION BY ORLADY, P. J., March 12, 1919:

This is an appeal from the order of the court below making absolute a rule for judgment for want of a sufficient affidavit of defense. The defendant was a tenant under a written lease dated July 1, 1917, of a suite of rooms in an apartment house at Atlantic City, for the term of one year at a rental of $108 per month. By a clause in the lease the lessor agreed "That he will furnish hot water heat during cold weather, and cold and hot water during the continuance of this lease without extra charge; and in consideration that no such extra charge is made therefor, the lessor shall not be liable for any failure to supply the same, not due to gross negligence on his part, nor for any damage to property caused by fire, water or steam." Under the "Regulations" clause in the lease it is provided, as follows: "Heat and Water —There is always an abundance of water heat and hot water; if you are not able to obtain the same in your apartment it shows that your fixtures are out of order, and you should notify the office at once."

The defendant occupied the premises and paid rent therefor until December 24, 1917, when he removed his goods and property from the demised premises, with notice to the landlord for reasons which he sets up in his affidavit of defense to be, that the plaintiff failed to supply the heat necessary to make the leased apartment habitable in cold weather; that the apartment frequent-

ly remained below 50 degrees F. for entire days during the cold weather, and by reason of this failure to supply sufficient heat the apartment was unfit for the use and purposes for which it was let, and was entirely uninhabitable and dangerous to the health of the defendant and his family; that he frequently served notice on the plaintiff and his agents and employees, prior to December 24, 1917, of the failure to supply the necessary heat, and of defendant's intention to vacate the premises if adequate heat was not supplied. This neglect continued, so that the defendant was compelled to vacate the premises.

We are not favored with an opinion from the court below, giving his reasons for holding the affidavit to be insufficient to prevent a summary judgment. Taking the facts as stated in the affidavit to be true, it would necessarily follow that an apartment occupied as a family dwelling would be uninhabitable at a temperature of 50 degrees F. in cold weather. The lessee did not have access to or control over the means of heating, and the only fact he could allege would be the inadequate temperature in his own suite.

The facts set out in the affidavit are sufficient to put the plaintiff to proof before a jury in explanation of them. The degree of negligence is not to be determined by a definition. The purpose of the lease was to furnish habitable quarters that were to be adequately heated by the landlord. The effect of the acts of the lessor in wilfully neglecting to supply the heat necessary is for the jury: Gallagher v. Burke, 13 Pa. Superior Ct. 244; Grossman v. McMahen, 63 Pa. Superior Ct. 191; Schumm v. Ry. Co., 107 Pa. 8.

The order of the court below is reversed, the record to be remitted to the court below with a procedendo.